No. 74,015

BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, *et al.*, *Appellants*, v. SUSAN K. DUFFY, Acting Director of Property Valuation, Division of Property Valuation, Kansas Department of Revenue, *Appellee*.

(912 P.2d 716)

Opinion filed March 8, 1996.

*David M. Cooper*, assistant county counselor, argued the cause and was on the brief for appellants.

*William E. Waters*, of the Kansas Department of Revenue, argued the cause and was on the briefs for appellees.

*Richard Rodewald*, of Eudora, was on the brief for *amicus curiae*, pro se.

*Rebecca A. Sanders*, general counsel, was on the brief for *amicus curiae* Board of Tax Appeals.

*M.J. Willoughby*, assistant attorney general, and *Carla J. Stovall*, attorney general, were on the brief for *amicus curiae* State of Kansas.

The opinion of the court was delivered by

DAVIS, J.: The question posed by this appeal is whether the Board of Tax Appeals (BOTA) possesses the statutory authority to order a statewide reappraisal of agricultural property. Johnson County Board of County Commissioners and Paul A. Welcome, Johnson County appraiser, appealed from a Shawnee County District Court decision (1) denying in case No. 95-CV-158 their request for an order of mandamus requiring the Kansas Department of Property Valuation (DPV) to comply with the orders of BOTA to perform a statewide reappraisal of agricultural land and (2) holding that the Shawnee County District Court in case No. 92-CV-796 "has jurisdiction of the entire real estate appraisal system extant in Kansas under the current consent decree."

On January 31, 1994, the then-director of the DPV, David C. Cunningham, filed a complaint with BOTA, stating that the current statewide agricultural land values were not defensible. The director asked BOTA to order him to reappraise the agricultural land values. BOTA entered such an order, requiring the DPV to complete the reappraisal of agricultural land by December 1, 1994, so that the new values could be used in 1995.

On December 1, 1994, however, the DPV appeared before BOTA and requested permission to certify the 1994 agricultural real estate values for proposed 1995 values. The DPV explained that while the new values were based on new data more defensible than the 1994 values, the new values were not as defensible as the director would want them to be. Thus, the DPV asked BOTA to modify its earlier order and permit the director to use the 1994 values for 1995.

In response to this request, BOTA appointed an independent appraiser to review the data and issue a recommendation as to whether the 1994 values or values based on the new 1995 data should be used. The appraiser concluded that values based on the new data, with certain modifications, should be used for 1995. BOTA, therefore, denied the DPV request to modify its earlier order and further denied a petition for reconsideration filed by the DPV.

On February 8, 1995, the Board of Commissioners of Johnson County and Paul A. Welcome, Johnson County appraiser, filed a motion for a peremptory order of mandamus. In their motion, the petitioners asked the district court to require the DPV to release the 1995 agricultural land values as mandated by the BOTA order in time for the county to provide notice of the values as required by law.

Upon the motion to transfer filed by the Director of the DPV, the Shawnee County District Court transferred but did not consolidate the petitioners' petition for writ of mandamus, case No. 95-CV-158, with an earlier 1992 case styled *State of Kansas, ex. rel. Stephan v. Kansas Dept. of Revenue* (case No. 92-CV-796). This latter case involved an order entered by the Shawnee County District Court consistent with the consent of all parties to implement

a plan for the correction of problems relating to the valuation of real property throughout the state. The petitioners were not, and are not now, parties in case No. 92-CV-796. Indeed, as noted by the trial court in its memorandum decision, Johnson County would not be an appropriate party to questions involving statewide property appraisal concerns. See *State ex. rel. Stephan v. Kansas Dept. of Revenue*, 253 Kan. 412, Syl. ¶ 5, 856 P.2d 151 (1993) (appellate review denying intervention in case No. 92-CV-796).

The petitioners' interest in case No. 92-CV-796 involved the question of whether the original consent decree involved all agricultural land in the state. The Shawnee County District Court held in the part of the journal entry concerning case No. 92-CV-796 that the original consent decree in that case conferred "jurisdiction of the entire real estate appraisal system extant in Kansas under the current consent decree." However, the petitioners are not parties to case No. 92-CV-796 and have no standing to raise any issue involving that case in this appeal.

The district court addressed the petitioners' arguments for mandamus and concluded that BOTA's orders concerning appraisal of agricultural land were void because BOTA had no statutory authority to order the DPV to reappraise agricultural land statewide. The court concluded that "[t]he request of Johnson County for an Order of Mandamus compelling the DPV to follow the orders of BOTA is denied, such orders having been found void for lack of jurisdiction."

On appeal, the petitioners raised the following three issues: (1) Whether the district court erred as a matter of law in concluding that BOTA lacked jurisdiction to order the DPV to reappraise agricultural land statewide; (2) whether the district court erred as a matter of law in refusing to grant an order of mandamus requiring the defendant to issue the 1995 agricultural land schedules in accordance with K.S.A. 1994 Supp. 79-1476 and as ordered by BOTA; and (3) whether the district court erred as a matter of law in concluding that it has exclusive jurisdiction of "the entire real estate appraisal system extant in Kansas" under the current consent decree in case No. 92-CV-796.

The first two issues involve but one question—whether a writ of mandamus should have been granted directing the DPV to issue the agricultural land values for 1995 using values directed by BOTA. In effect, the issue becomes whether BOTA possesses the statutory authority to order a statewide reappraisal of agricultural land in Kansas.

Because the DPV has already issued the 1995 values for real estate property throughout the state using the same values as were used in 1994, any decision by this court on this issue would be moot. Both parties agree that the precise issue raised on appeal in the mandamus action is moot; nevertheless, both parties urge this court to consider the issue on the merits because it is an issue of statewide importance that may arise again even though it evades review this time.

The general rule is that this court does not decide moot questions or render advisory opinions. The mootness doctrine is one of court policy which recognizes that it is the function of a judicial tribunal to determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive. However, where a particular issue, although moot, is one capable of repetition and one of public importance, an appellate court may consider the appeal and render an opinion. *Reece Shirley & Ron's, Inc. v. Retail Store Employees Union & Local 782*, 225 Kan. 470, 471-72, 592 P.2d 433 (1979). This court has sometimes entertained issues which, although moot, were subjects of real controversy and included issues of statewide interest and public importance. See *Smith v. Miller*, 213 Kan. 1, 5, 514 P.2d 377 (1973); *In re Liquidation of Nat'l Colonial Ins. Co.*, 20 Kan. App. 2d 802, 804, 892 P.2d 926 (1995).

This case concerns the statewide property tax reappraisal of agricultural property and the statutory powers conferred upon BOTA and the DPV. While the issue is brought to us in the form of a petition for writ of mandamus, which by the passage of time has become moot, the issues involved in this case are capable of repetition and are of statewide interest and public importance. We,

therefore, elect to retain this appeal and consider this case on its merits.

The district court ruled that BOTA has no authority to conduct a statewide reappraisal of agricultural land and further concluded that the promulgation of valuation schedules was purely a matter within the discretion of the DPV. The resolution of this issue involves the interpretation of statutes granting power to BOTA and the DPV. The interpretation of a statute is a question of law, and this court's review is unlimited. *Dickerson v. Kansas Dept. of Revenue*, 253 Kan. 843, 844, 863 P.2d 364 (1993).

The petitioners, and BOTA in its *amicus curiae* brief, claim that BOTA has the power to order the DPV, under the provisions of K.S.A. 1994 Supp. 79-1413a, to conduct a statewide appraisal of agricultural property. The district court disagreed and concluded as follows:

"BOTA claims authority under K.S.A. [1994 Supp.] 79-1413a, but a simple reading of the statute reveals it only covers county-wide or district-wide reappraisals ordered upon application by the DPV in cases where the DPV alleges the local appraiser is refusing to follow the directives of the DPV. In such limited cases, the statute authorizes BOTA to employ, at county expense, outside appraisers to do the job under the directives of the DPV. The statute contains no language whatsoever authorizing BOTA to order the DPV to appraise anything— let alone the entire state.

. . . .

". . . [N]o order of BOTA is necessary to authorize the DPV to reappraise anything. Correct, uniform and equal constitutional appraisals and reappraisals are the statutory duty of the DPV, without further orders, directives or authorizations from anyone. This is the nature of the power possessed exclusively of the DPV. [Citation omitted.]"

K.S.A. 1994 Supp. 79-1413a provides in part:

"Whenever upon complaint made to the state board of tax appeals by the county or district appraiser, the director of property valuation, the board of county commissioners, any property taxpayer or any aggrieved party, and a summary proceeding in that behalf had, it shall be made to appear to the satisfaction of the board that the appraisal of real property or tangible personal property in any county is not in substantial compliance with law and the guidelines and timetables prescribed by the director of property valuation, and that the interest of the public will be promoted by a reappraisal of such property, the state board of tax appeals shall order a reappraisal of all or any part of the property in such county to be

made by one or more persons, to be appointed by the state board of tax appeals for that purpose, the expense of any such reappraisal to be borne by the county in which is situated the property to be reappraised."

The language in K.S.A. 1994 Supp. 79-1413a supports the decision of the district court. The statute allows BOTA to order reappraisal of property within a county whenever the previous appraisal was not conducted in substantial compliance with state law and the guidelines and timetables prescribed by the DPV. In other words, K.S.A. 1994 Supp. 79-1413a allows either the DPV or other aggrieved party to file a complaint alleging that the appraisal was not properly conducted under Kansas law and the DPV guidelines. Under those circumstances, the DPV may file a complaint and BOTA may order an independent appraiser to conduct a reappraisal of the property contained in the complaint, and the expense of that appraisal is borne by the county where the property is located.

The term "county" appears numerous times within the statute, while the ability to order statewide reappraisal is not mentioned within the statute. The petitioners argue that the phrase "any county" is broadly inclusive and should be construed to apply to all counties in Kansas in which the problem is the same. However, this interpretation ignores the plain intent of the statute, which is to allow for reappraisal of certain properties when the county has not followed the law or the directives of the DPV.

The DPV is empowered by K.S.A. 1994 Supp. 79-1476 to administer and supervise a statewide program of reappraisal of real property within the state, with each county appraiser reappraising all of the real property in the county pursuant to guidelines and timetables prescribed by the DPV and updating those appraisals on an annual basis. K.S.A. 1994 Supp. 79-1476 also requires the DPV to make an annual determination of the value of land within each of the various classes of land devoted to agricultural use within each county and to furnish this determination to county appraisers who will then apply the value applicable to such land according to these valuation schedules.

Examination of K.S.A. 1994 Supp. 79-1476 establishes that the DPV has the authority to establish the valuation schedules and to

update them on an annual basis. The DPV has the power to issue new valuation schedules based upon whatever data the DPV itself deems reliable without any order from BOTA directing it to do so. In fact, the order promulgated by BOTA recognizes this:

"Therefore, the Director [of Property Valuation] had and has the statutory authority to compile whatever research was required to make agricultural land values defensible without Board intervention under the provisions of K.S.A. 79-1413a. However, the Director decided to file a complaint and if the evidence warranted it, have the Board order him to reappraise agricultural land."

In this case, BOTA ordered the DPV itself to issue new valuation schedules for agricultural land statewide in accordance with certain data and the recommendations of an independent appraiser appointed by BOTA. This action by BOTA constitutes an infringement on the power of the DPV to prescribe the guidelines under which property is to be appraised, which is granted to the DPV exclusively under the provisions of K.S.A. 1994 Supp. 79-1476. The limited power conferred on BOTA under the provisions of K.S.A. 1994 Supp. 79-1413a allows BOTA to intercede in cases where property within a county is not correctly appraised according to the law and the schedules promulgated by the DPV. This power and authority, however, is very different from the authorization to order the DPV, in contravention of K.S.A. 1994 Supp. 79-1476, to promulgate new valuation schedules based on data approved by BOTA. Promulgation of new valuation schedules is a matter solely within the power and authority of the DPV.

The petitioners further argue that the statute authorizing the DPV to administer and supervise a statewide reappraisal program is limited in nature and does not confer continuing authority on the DPV to initiate subsequent appraisals at will. According to the petitioners, this grant of power was designed merely to allow the DPV to conduct an initial statewide reappraisal of all real property. However, this interpretation ignores the plain language of K.S.A. 1994 Supp. 79-1476, which orders the DPV to make an annual determination of agricultural land values and furnish the same to county appraisers.

In its *amicus curiae* brief, BOTA makes reference to earlier questions involving agricultural land and values in January 1992 in

Finney County, Meade County, and Scott County. BOTA states that it refrained from taking any action in adjusting the values based upon its belief and reliance that the DPV would correct the situation by a statewide reappraisal of agricultural values. These earlier decisions are not included in the record, and the actions taken in those cases have no bearing on the question we must now resolve.

BOTA cites both K.S.A. 74-2439, concerning BOTA sitting as a state board of equalization, and K.S.A. 79-1409 as authority for BOTA to conduct a statewide reappraisal. BOTA argues that "[i]f the BOTA has statutory authority to equalize property statewide, then it would follow that BOTA has the jurisdiction and authority to order reappraisal of agricultural land statewide." Nothing in K.S.A. 79-2439 or K.S.A. 79-1409 authorizes BOTA to order a statewide reappraisal of real estate. The issue we deal with involves the *reappraisal* of agricultural property statewide and does not arise within the context of K.S.A. 79-2439 or K.S.A. 79-1409.

In *Vaughn v. Martell*, 226 Kan. 658, 660, 603 P.2d 191 (1979), we said:

> "The State Board of Tax Appeals is a creature of the legislature. Its authority and power is only such as is expressly or impliedly given by legislative enactment. If it attempts to exercise jurisdiction over a subject matter not conferred by the legislature, its orders with respect thereto are without authority of law and void. [Citations omitted]."

The trial court was correct. The orders of BOTA requiring a statewide reappraisal of agricultural land are void on jurisdictional grounds. No order of BOTA is necessary to authorize the DPV to reappraise agricultural property. Even though the DPV may have requested BOTA to issue such an order, such requests, being beyond the statutory authority of BOTA, cannot confer jurisdiction on BOTA to order a statewide reappraisal of agricultural property. Thus, the request of the petitioners for an order of mandamus compelling the DPV to follow the orders of BOTA was properly denied by the trial court.

Finally, the petitioners contend that the consent decree entered in case No. 92-CV-796 among the DPV, the Secretary of Revenue, and the State of Kansas through the attorney general, did not confer jurisdiction on the Shawnee County District Court over all the

real estate appraisal system in Kansas. Therefore, the petitioners argue, since the district court does not have specific authority in this case over reappraisal of agricultural property, BOTA retains jurisdiction to order a statewide reappraisal of agricultural property. A resolution of the first issue demonstrates that BOTA had no authority under law to order such a reappraisal.

Moreover, the consent decree entered in case No. 92-CV-796 was an agreement among the parties concerning the statewide correction of the appraisal of real property. The petitioners were not, and are not now, a party in case No. 92-CV-769. We do not, therefore, decide the question of whether the consent decree entered in case No. 92-CV-796 confers jurisdiction on the Shawnee County District Court over all agricultural land in this state.

Affirmed.