(206 P.3d 553)
No, 99,865

STATE OF KANSAS, *Appellee*, v. SIDNEY WHITE, JR., *Appellant*.

Opinion filed May 8, 2009.

*Matthew J. Edge*, of Kansas Appellate Defender Office, for appellant.

*Jamie L. Karasek*, assistant district attorney, *Robert D. Hecht*, district attorney, and *Stephen N. Six*, attorney general, for the appellee.

Before GREENE, P.J., PIERRON and STANDRIDGE, JJ.

PIERRON, J.: Sidney White, Jr., appeals imposition of his underlying prison sentence upon the revocation of his probation. We reverse and remand.

White entered no contest pleas to one count each of identity theft, forgery, and attempted theft in case No. 06 CR 382. On January 5, 2007, the trial court granted a downward dispositional departure and placed White on 18 months' probation after he served 60 days in jail, with an underlying prison term of 32 months. Conditions of White's probation included an order that he not violate any laws and that he pay various costs totaling $813.

On March 9, 2007, the district court ordered White to show cause why his probation should not be revoked for both his failure to remain crime free and his failure to make payments toward his court costs.

At the outset of a hearing conducted on April 13, 2007, the State noted the trial court had already revoked White's probation on March 29. No transcript of that proceeding appears in the record on appeal. However, the State indicated at the April 13 hearing that White had stipulated to failure to make payments in this case but would not stipulate to failure to remain law-abiding. The State further reminded the court that it had suspended any disposition of the case, apparently based on the State's request to wait to see what happened in another show cause proceeding pending against White before a different judge in a different case for which White was also on probation. The district court questioned—"Well, how long are we going to wait?"—to which the State responded that the "new case is set for May 4" and "the other case is set next week." The court then asked, "So what do we want to do? What needs to happen?"

White's counsel argued that White should be reinstated on probation because the State had prematurely filed to revoke probation for White's failure to remain law-abiding before any case was filed or convictions obtained. With regard to the allegation of nonpayment of costs, counsel noted that White had only just been placed on probation and ordered to pay his costs, which he was currently unable to afford due to being in jail, not having a job, and the recent death of his grandmother, who was helping White financially.

The State responded by noting its confidence that it would prove White's failure to remain law-abiding, for which he would be sen-

tenced in the other show cause proceeding. The State also highlighted its allegations surrounding the pending charges in the new case and admitted that it had mistakenly not subpoenaed the officers. Therefore, it could not put on evidence in that regard.

After noting only that it "ordinarily . . . would not revoke and commit on failure to pay costs and fees only, but there is more going on in this case than that," the district court ordered White to serve his 32-month prison sentence. Upon inquiry by White's counsel at the close of the hearing, the court clarified that it was revoking White's probation solely for failure to pay costs. The journal entry of probation revocation reflects this holding.

White's sole contention on appeal is that the district court erred by revoking his probation for failure to pay costs. He requests that the appellate court reverse and remand with instructions to reinstate his probation. Before responding to this issue, the State's claim that White's appeal should be dismissed as moot must be addressed.

As a general rule, this court does not decide moot questions or render advisory opinions. See *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 (1996).

"The mootness doctrine is one of court policy which recognizes that it is the function of a judicial tribunal to determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive." 259 Kan. at 504.

However, this court will not dismiss an appeal as moot unless it is clearly and convincingly established that the actual controversy now before this court has ended " ' " 'and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned.' [Citations omitted.]" ' [Citation omitted.]" *In re M.R.*, 272 Kan. 1335, 1339, 38 P.3d 694 (2002).

In support of its mootness claim, the State points out that subsequent to his probation revocation in this case, White was convicted in a separate case and sentenced to a 40-month prison term concurrent to his 32-month prison term in this case. The State maintains that even if this court were to reverse the district court's

revocation of White's probation in this case and grant White's request to reinstate probation, White's controlling sentence would not be altered. The State then summarily argues "White's legal rights are not impacted," so the issue is moot.

White has not filed a reply brief to suggest how his rights will be affected if we dismiss this appeal as moot. Arguably, because the probation revocation will remain on his record, it could affect his rights in the long run. For example, if he should become eligible for probation at anytime in the future, the trial court could refuse probation based on a finding that this revocation showed White was not amenable to probation. Accordingly, this court finds the issue is not moot because potential relief (via reversal of the probation revocation) would not be an idle act insofar as White's rights are concerned.

Moreover, the State only argues in passing that this issue is moot, without any supporting authority for its summary claim that White's legal rights are not affected. Not only does the State fail to clearly and convincingly establish the issue is moot, but our courts have held that an issue raised in passing on appeal, with no argument or citation to relevant authority, is waived. See *State v. Harned*, 281 Kan. 1023, 1048, 135 P.3d 1169 (2006).

We will, therefore, address the underlying issue.

A probationer may not have his or her probation revoked unless the probationer has failed to comply with the conditions of probation. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996). Once there has been evidence of a probation violation, revocation is in the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). This court will conclude the district court abused its discretion only if it acted arbitrarily, fancifully, or unreasonably. *State v. Hobbs*, 276 Kan. 44, 48, 71 P.3d 1140 (2003).

White suggests his argument on appeal is based on his substantive due process rights. He notes that our courts recognize that the conditional liberty interest created by probation cannot be taken away without consideration of the circumstances surrounding a violation of the conditions of probation. *Walker*, 260 Kan. at 808 (citing *Black v. Romano*, 471 U.S. 606, 85 L. Ed. 2d 636, 105 S.

Ct. 2254 [1985]). Our appellate courts also recognize that under the holding of *Bearden v. Georgia*, 461 U.S. 660, 76 L. Ed. 2d 221, 103 S. Ct. 2064 (1983), it is constitutionally impermissible to automatically revoke an indigent defendant's probation and imprison him or her merely because he or she cannot pay the fine or make restitution in accordance with the conditions of probation. See *State v. Ferguson*, 271 Kan. 613, 618, 23 P.3d 891 (2001); *Walker*, 260 Kan. at 809; *State v. Duke*, 10 Kan. App. 2d 392, 394-95, 699 P.2d 576 (1985). Rather, a defendant's substantive due process rights as recognized in *Bearden* require:

"[A] sentencing court must make two determinations to constitutionally revoke a defendant's probation. First, the probationer's conduct in failing to comply with the financial conditions of his probation must be considered. It must be determined whether the probationer willfully refused or was responsible for the failure to pay or whether the probationer made a bona fide effort to acquire the resources to pay. Imprisonment may be used as a means to enforce collection of fines or court costs or restitution when the probationer willfully refuses to pay, although he has the means to pay, or he does not make a bona fide effort to acquire the resources to pay. [Citations omitted.] If, however, the sentencing court determines that the probationer made a bona fide effort or is not at fault in failing to pay, the court should then consider alternative measures of punishment to imprisonment. Only if the alternative measures are inadequate to meet the State's interests in punishment and deterrence may the court imprison a probationer despite his bona fide effort to pay. Alternatives to imprisonment that have been suggested include reduction of the fine imposed, extension of time to pay, and performance of public service tasks in lieu thereof." *Duke*, 10 Kan. App. 2d at 395.

This is not to say that probation can never be revoked and a prison sentence imposed based on the failure to pay court costs. As the Supreme Court noted in *Bearden*:

"We do not suggest by our analysis of the present record that the State may not place the petitioner in prison. If, upon remand, the Georgia courts determine that petitioner did not make sufficient bona fide efforts to pay his fine, or determine that alternate punishment is not adequate to meet the State's interests in punishment and deterrence, imprisonment would be a permissible sentence. Unless such determinations are made, however, fundamental fairness requires that the petitioner remain on probation." 461 U.S. at 674.

The State seems to suggest that the trial court's comment concerning the fact that there was "more going on in this case" other than White's failure to pay court costs and fees demonstrates that

the court did not, as White claims, revoke his probation simply because he did not have the resources to pay the costs. The State also suggests that White's probation was not automatically revoked for failure to pay costs because the revocation "was triggered by his arrest on new charges." These arguments are contrary to the district court's clarification at the end of the hearing that it was revoking probation based only on White's failure to pay costs.

The State's arguments also seem to refer to the revocation of White's probation in another case (No. 05 CR 428). For example, the State notes that *Judge Parrish* found White had violated probation for failing to remain law-abiding after a hearing that included the testimony of the arresting officer. The hearing to which the State refers occurred more than a month after the probation revocation by *Judge Dowd* in the case now before us. This court dismissed White's appeal in case No. 05 CR 428 for lack of jurisdiction based on an untimely notice of appeal, and our Supreme Court denied White's petition for review of that dismissal. *State v. White*, No. 99,811, *rev. denied* July 3, 2008. That case is not now before this court and cannot be considered.

Based on the record properly before this court for consideration, it does not appear that the district court made any of the necessary determinations to imprison White for his failure to pay court costs—the only basis upon which it revoked White's probation. Thus, the case must be reversed and remanded to the trial court.

Reversed and remanded with directions.