(225 P.3d 760)
No. 102,119

STATE OF KANSAS, *Appellee*, v. TRAVIS A. MONTGOMERY,
*Appellant*.

Opinion filed March 5, 2010.

*Carl Folsom, III*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Steve Six*, attorney general, for appellee.

Before RULON, C.J., ELLIOTT and HILL, JJ.

RULON, C.J.: Defendant, Travis Montgomery, challenges the district court's decision to revoke his probation, requiring him to serve his underlying prison sentence. The primary issue, however, is whether this court should dismiss this appeal as moot since Montgomery has served his entire sentence.

The facts of this case are undisputed. Montgomery entered a guilty plea to a second conviction of possession of a hallucinogenic drug. He was sentenced to 11 months in prison, but placed on probation for 18 months. Ultimately, Montgomery's probation was revoked. The district court ordered Montgomery to serve his prison sentence, and he appealed, arguing the court abused its discretion. Both parties agree Montgomery completed his prison sentence and

was released from State custody and supervision on September 28, 2009.

The general rule is that appellate courts do not decide moot questions or render advisory opinions. The mootness doctrine is one of court policy which recognizes that it is the function of a judicial tribunal to determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive. However, where a particular issue, although moot, is one capable of repetition and one of public importance, an appellate court may consider the appeal and render an opinion. Appellate courts sometimes entertain issues which, although moot, are subjects of real controversy and include issues of statewide interest and public importance. *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 (1996).

This court will not dismiss an appeal as moot unless it is clearly and convincingly established the *actual controversy* has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act *insofar as rights involved in the action* are concerned. *In re M.R.*, 272 Kan. 1335, Syl. ¶ 2, 38 P.3d 694 (2002).

Montgomery argues this court should hear his appeal because allowing the decision of the district court to stand could disadvantage him in a subsequent criminal action. For example, he argues his probation revocation could be used as a reason to impose a departure sentence or to deny probation in a future criminal action. For authority Montgomery cites *State v. White*, 41 Kan. App. 2d 943, 206 P.3d 553 (2009). However, *White* is not in concert with other opinions from this court reviewing a similar issue.

In *White*, the defendant entered a plea to forgery, identity theft, and attempted theft and was sentenced to 32 months in prison, but granted a downward dispositional departure to 18 months of probation after serving 60 days in jail. Subsequently, the district court issued a show-cause order directing White to explain why he should remain on probation when he failed to remain crime free and had not made any payments towards the court costs. 41 Kan.

App. 2d at 944. Ultimately, the district court revoked White's probation and ordered him to serve the imposed sentence. On appeal, White argued the court erred in revoking his probation because he was unable to pay court costs. In response the State countered the appeal was moot as White had served his sentence. The panel in *White* accepted the appellant's argument his appeal was not moot because his probation revocation would remain on his record for a long time. The *White* court opined that should White ever be considered for probation in the future, the trial court could refuse the request for probation based upon a finding of nonamenability because of his failure in this case. 41 Kan. App. 2d at 946. But in doing so, the *White* court created a bright-line rule that whenever a court's decision could have an adverse effect on the party at some undefined point in the future, the issue will never be moot. Under *White*, no decision adverse to a criminal defendant could ever be moot since it could potentially cast the defendant in a negative light should he or she again be the subject of a criminal proceeding. 41 Kan. App. 2d at 946.

A second panel of this court has examined an analogous set of facts and reached the conclusion the appeal was moot. In *State v. Johnson*, 39 Kan. App. 2d 438, 180 P.3d 1084, *rev. denied* 286 Kan. 1183 (2008), the appellant admitted to violating the terms of his probation. 39 Kan. App. 2d at 439. Three years after his probation was revoked, Johnson filed a motion to file an out-of-time notice of appeal under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). The district court dismissed the appeal, finding Johnson had failed to show that he met the *Ortiz* exception; that his prior probation revocation had been upheld on appeal; and that his appeal in this case was frivolous. 39 Kan. App. 2d at 440. When Johnson's appeal came to this court, Johnson was ordered to show cause why his case was not moot as he had served the prison portion of his sentence. Johnson responded that if his revocation was reversed he might be placed back on probation from postrelease supervision or be able to receive a reduced term of postrelease supervision, and might be able to contest the amount of attorney fees he was ordered to pay. 39 Kan. App. 2d at 441. The panel rejected Johnson's claims as without support in the record. No fines or other

fees were imposed. The panel further noted Johnson could not receive credit for time served against his postrelease supervision under *State v. Gaudina*, 284 Kan. 354, 160 P.3d 854 (2007). Further, the court noted there was no statutory authority to reduce the amount of a postrelease supervisory term after sentencing. 39 Kan. App. 2d at 442. After examining all the arguments put forth by Johnson, the court found no plausible argument or application of authority showing that a controversy still existed in that case and dismissed the case as moot. 39 Kan. App. 2d at 443.

In contrast to *White*, a different panel of this court, in an unpublished opinion, examined the doctrine of mootness and discussed whether the case should be dismissed based on a determination that the consequences of the probation revocation were hypothetical versus concrete. *State v. Brown*, No. 95,985, unpublished opinion filed June 13, 2008, *rev. denied* 287 Kan. 766 (2008). In *Brown*, the appellant sought to appeal his probation revocation and his sentence. Even though Brown had served the underlying sentence, he argued his appeal was not moot because a probation revocation could have adverse consequences in his attempts to obtain employment. He further argued that if he was ever subject to a future criminal action, this probation revocation could be used against him in sentencing, in setting pretrial detention conditions, or for more onerous bond conditions. Further, he argued that if he sued for malicious prosecution based on wrongful probation revocation, he must be able to show his appeal of the revocation was decided in his favor. The *Brown* court concluded the alleged adverse collateral consequences were too speculative to refute the finding of mootness. The *Brown* court relied in part on the United States Supreme Court decision in *Spencer v. Kemna*, 523 U.S. 1, 140 L. Ed. 2d 43, 118 S. Ct. 978 (1998).

In *Spencer*, the petitioner's parole was revoked based on an allegation Spencer had used crack cocaine and raped a woman. 523 U.S. at 4. Spencer admitted using drugs but denied the sexual assault. After being returned to prison, Spencer attempted to challenge the parole revocation in Missouri state courts. Being unsuccessful in the state courts, 6 months prior to the completion of his sentence, Spencer filed for a writ of habeas corpus in federal court.

523 U.S. at 5. However, before the court ruled on his motion, he was released from custody. The federal district court subsequently dismissed his petition as Spencer was no longer in custody. The United States Court of Appeals for the Eighth Circuit affirmed the federal district court. 523 U.S. at 6. By the time the case reached the Eighth Circuit, Spencer was again in prison serving a 7-year sentence arising from a different case. 523 U.S. at 6 n.2. On review, the United States Supreme Court held the federal district court had erred in dismissing Spencer's petition, because he was no longer in custody. Spencer was in custody when the petition was filed which satisfied the "in custody" requirement of 28 U.S.C. § 2254 (2006). The Supreme Court, however, went on to examine Spencer's claims to determine if the case was moot because it did not present a case or controversy. An incarcerated convict's (or a parolee's) challenge to his or her conviction always satisfies the case or controversy requirement. However, once a convict's sentence has expired, some concrete and continuing injury other than the now-ended sentence, some collateral consequence of the conviction, must exist. 523 U.S. at 7.

Spencer argued a number of factors showed there were concrete and continuing injuries in fact, collateral consequences, and therefore his appeal should not be dismissed as moot. His arguments were:

- Parole revocation could be used to his detriment in a future parole proceeding;
- Revocation could be used to increase his sentence in a future criminal proceeding;
- The allegation of rape could be used to impeach him should he appear as a litigant or witness in a future civil or criminal proceeding or could be used against him directly;
- His parole revocation would foreclose him from pursuing a damage claim under 42 U.S.C. § 1983 (2006);
- His claim was capable of repetition, yet evading review; and
- Even if the case was moot, the mootness was caused by the dilatory tactics of the attorney general's office in filing extensions of time to respond to Spencer's petition and the delay in the federal district court.

The United States Supreme Court rejected all of Spencer's arguments, finding them, for the most part, too speculative to warrant a decision on a case that otherwise appeared moot. 523 U.S. at 14-18. The *Spencer* Court held: "We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." 523 U.S. at 18.

It is noteworthy Spencer argued his case was not moot for many of the same reasons cited by White, by Brown and, in the instant case, by Montgomery. The United States Supreme Court contended that under those circumstances the case was moot and should be dismissed as such.

The facts in *Brown, Spencer,* and *Johnson* are similar to the facts presented in this case. Here, the actual controversy before this court, *i.e.*, whether the district court erred in revoking Montgomery's probation, has ended. Montgomery has served his entire sentence. Any action this court might take in regards to his probation revocation would be an idle act insofar as Montgomery's rights in this action are concerned. This case is clearly moot.

The appeal is dismissed as moot.