No. 102,119

STATE OF KANSAS, *Appellee*, v. TRAVIS A. MONTGOMERY, *Appellant*.

(286 P.3d 866)

Opinion filed October 19, 2012.

*Korey A. Kaul*, of Kansas Appellate Defender Office, argued the cause, and *Carl Folsom, III*, of the same office, was on the brief for appellant.

*Jodi E. Litfin*, assistant district attorney, argued the cause, and *Natalie Chalmers*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Travis A. Montgomery pled nolo contendere to and was convicted of a second drug offense that required his participation in a mandatory drug treatment program. He was sentenced to an underlying prison term of 11 months and placed on 18 months' probation. By his own admissions, Montgomery failed to comply with the terms of his probation, prompting the district court to revoke his probation and order him to serve his 11-month prison sentence. Montgomery appealed, claiming that the district court should have imposed a different sanction for his probation violation. By the time the matter came before the Court of Appeals, Montgomery had completed his prison sentence and had been released from State custody and supervision. The Court of Appeals dismissed the appeal as moot, and Montgomery petitioned for our review of that decision. *State v. Montgomery*, 43 Kan. App. 2d 397, 402, 225 P.3d 760 (2010). Finding that Montgomery has failed to refute the State's contention that the actual controversy has ceased or to establish an exception to the general rule that precludes appellate review of moot issues, we affirm.

## FACTUAL AND PROCEDURAL OVERVIEW

On February 9, 2007, the district court sentenced Montgomery to probation pursuant to a plea agreement. The conditions of probation included the requirements that the defendant report as directed by his probation supervisor, that he abstain from illegal drug use, that he participate in drug and alcohol treatment, and that he obtain legal employment.

Some 4 months later, the State filed a motion to revoke probation, alleging that the defendant failed to report as directed, failed to abstain from illegal drug use, failed to participate in drug and alcohol treatment, and failed to obtain legal employment. At the revocation hearing, the defendant stipulated to violating his probation as alleged by the State.

The district court deferred disposition for 30 days to give Montgomery an opportunity to demonstrate his seriousness about the probation. The dispositional hearing was further delayed, however, because the defendant missed several court dates and was placed on absconder status. When the dispositional hearing was finally conducted on the admitted probation violations, defense counsel argued that if the district court sent Montgomery to prison, he would not get the drug treatment that he needed. Counsel requested that the court place Montgomery in either the county jail or an in-patient treatment facility. Pointing out that Montgomery had reported sporadically and had not shown any attempt to get treatment, the district court rejected the defense's request and ordered Montgomery to serve the original 11-month prison sentence.

Montgomery appealed the revocation of his probation on January 28, 2009. Prior to the case being heard on appeal, Montgomery was released from prison on September 28, 2009. *Montgomery*, 43 Kan. App. 2d at 397-98. In response to the Court of Appeals' directive for the parties to brief the issue of mootness, Montgomery argued that the issue of his probation revocation was not moot because some judge in a future case may use the revocation to support a finding of nonamenability to probation and thereby either deny probation or impose an upward dispositional sentence in that future case.

The Court of Appeals acknowledged an apparent conflict among panels on whether such future use was sufficient to refute mootness but nevertheless held that Montgomery's case was "clearly moot" because "Montgomery has served his entire sentence." *Montgomery*, 43 Kan. App. 2d at 402. This court granted Montgomery's petition for review, in part to attempt to resolve the conflict in the Court of Appeals.

### MOOTNESS OF PROBATION REVOCATION APPEAL AFTER COMPLETION OF SENTENCE

In his petition for review, Montgomery contends that the revocation of his probation can have consequences that are similar to those caused by a criminal conviction. Specifically, he argues that

the probation revocation in this case could be used in the future to deny Montgomery probation or to subject him to an upward departure sentence. See *State v. Snow*, 40 Kan. App. 2d 747, 757, 195 P.3d 282 (2008) ("nonamenability to probation may constitute a substantial and compelling reason for an upward *durational* departure, as well as a substantial and compelling reason for a dispositional departure"), *rev. denied* 289 Kan. 1285 (2009). Therefore, Montgomery argues that the Court of Appeals erred in dismissing this appeal just because the State's supervision had terminated in this case.

*Standard of Review/Legal Maxims*

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. McKnight*, 292 Kan. 776, 778, 257 P.3d 339 (2011). This court has previously described the mootness doctrine as a court policy, which recognizes that the role of a court is to " 'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.' " *State v. Bennett*, 288 Kan. 86, 89, 200 P.3d 455 (2009) (quoting *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 [1996]).

A justiciable controversy has definite and concrete issues between the parties and "adverse legal interests that are immediate, real, and amenable to conclusive relief." *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 890-91, 179 P.3d 366 (2008). The Court of Appeals relied on this court's previous declaration that "[a]n appeal will not be dismissed as moot unless it clearly and convincingly appears the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned." *In re M.R.*, 272 Kan. 1335, Syl. ¶ 2, 38 P.3d 694 (2002). Subsequently, we phrased the test for mootness as being whether "it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties'

rights." *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009).

Yet, the mootness doctrine is not a question of jurisdiction. Therefore, it is amenable to exceptions. One commonly applied exception is the circumstance where a moot issue "is capable of repetition and raises concerns of public importance." *State v. DuMars*, 37 Kan. App. 2d 600, 605, 154 P.3d 1120, *rev. denied* 284 Kan. 948 (2007). In that context, public importance means " ' "something more than that the individual members of the public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals." ' " *Skillett v. Sierra*, 30 Kan. App. 2d 1041, 1048, 53 P.3d 1234, *rev. denied* 275 Kan. 965 (2002) (quoting *State ex rel. Stephan v. Johnson*, 248 Kan. 286, 290, 807 P.2d 664 [1991]).

A court policy necessarily comes about through prior opinions of the court, *i.e.*, the mootness doctrine developed through court precedent. Accordingly, our review is unlimited. See *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012) ("To the extent our decision involves . . . the interpretation and application of . . . court precedent, we are resolving questions of law and, thus, exercising unlimited review. *Johnson v. Brooks Plumbing*, 281 Kan. 1212, 1213, 135 P.3d 1203 [2006].").

*Analysis*

Montgomery has fully satisfied the sanction imposed for his probation violation, which was serving the entire underlying prison term of his original sentence. Montgomery's debt to society has been paid in full, even if his claim that he was overcharged is correct. Likewise, the State of Kansas has no authority to punish or supervise Montgomery any further in this case. Accordingly, the Court of Appeals correctly stated that "[a]ny action this court might take in regards to his probation revocation would be an idle act insofar as Montgomery's rights in this action are concerned." *Montgomery*, 43 Kan. App. 2d at 402.

But citing to *State v. Flanagan*, 19 Kan. App. 2d 528, 529, 873 P.2d 195 (1994), Montgomery contends that his case is not moot

because it "may have adverse legal consequences in the years to come." *Flanagan* was a challenge to a contempt conviction where the defendant was sentenced to time served. Challenging the efficacy of a conviction is simply a different proposition than is presented here. The possible collateral consequences of a conviction are "too obvious to declare [an] appeal [of the conviction] moot simply because defendant cannot be subjected to additional jail time." 19 Kan. App. 2d at 530. The impact of a conviction is tangible and immediate.

For instance, a conviction is immediately added to the defendant's criminal history score and will thereafter accompany the defendant as a fact that speaks for itself. The criminal history score will be a fact that subsequent courts *must* use to calculate future sentences; a district court cannot exercise its discretion to disregard a prior conviction. *Cf.* K.S.A. 21-4713(f) (prosecutor is not permitted to "make any agreement to exclude any prior conviction from the criminal history of the defendant"). Prior convictions are much more than merely factors to consider when assessing a defendant's likelihood to perform on probation.

But Montgomery can also point to *State v. White*, 41 Kan. App. 2d 943, 206 P.3d 553 (2009), to support his claim that a probation revocation can have future adverse consequences that negate mootness. The *White* panel opined:

"Arguably, because the probation revocation will remain on his record, it could affect his rights in the long run. For example, if he should become eligible for probation at anytime in the future, the trial court could refuse probation based on a finding that this revocation showed [the defendant] was not amenable to probation." 41 Kan. App. 2d at 946.

The State counters with two bases for us to reject the holding in *White*. First, the State contends that *White* is factually distinguishable because the defendant in that case was still serving a concurrent prison term at the time the Court of Appeals considered mootness. We find that argument to be unpersuasive because the *White* panel did not rely on or utilize the alleged distinguishing fact to reach its decision. Rather, the opinion clearly relied on the potential impact of the current revocation on an assessment of amenability to probation in future cases.

Secondly, the State points us to the decision of another Court of Appeals panel in *State v. Brown*, No. 95,985, 2008 WL 2422761, at *2 (Kan. App. 2008) (unpublished opinion), *rev. denied* 287 Kan. 766 (2008), for the proposition that this question of mootness has already been resolved by the United States Supreme Court in *Spencer v. Kemna*, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). See also *Lee v. State*, No. 106,274, 2012 WL 2476991, at *2 (Kan. App. 2012) (unpublished opinion) (potential use of probation revocation to argue in a future case that the defendant is not amenable to probation is "too speculative to refute a finding of mootness"). Pointedly, the State does not discuss that *Spencer* was a federal habeas corpus proceeding or that mootness in federal jurisprudence emanates from the case or controversy language in Article III, § 2 of the Constitution of the United States. In other words, the United States Supreme Court's rulings on the issue of mootness are not binding authority on this court.

Nevertheless, we can consider *Spencer* for whatever persuasive effect it might have on our rationale. *Spencer* distinguished between two types of collateral consequences that may be present after the expiration of a sentence: (1) concrete or continuing consequences that are "imminently threatened, or that [are] imposed as a matter of law (such as deprivation of the right to vote, to hold office, to serve on a jury, or to engage in certain businesses)," 523 U.S. at 8; or (2) hypothetical consequences that are speculative or mere possibilities, such as the potential use of a parole revocation as a factor to deny parole in a future case. 523 U.S. at 13. The Court pointed out that hypothetical or speculative consequences, such as the possibility that a parole revocation would affect a sentence imposed in a future criminal proceeding, are "nonstatutory consequences," dependent upon the sentencing judge's discretion, rather than the mere presence of a prior parole revocation. 523 U.S. at 13. Moreover, that future decision might well be more directly influenced by " 'the underlying conduct that formed the basis for the parole violation.' " 523 U.S. at 13.

*Spencer's* observation—that the fact of a parole revocation may not be as influential or consequential in a subsequent criminal proceeding as the underlying conduct giving rise to the revocation—

is particularly cogent in this case. Montgomery contends that, if the district court's order of imprisonment is allowed to stand, a future court will use that fact to find that he is not amenable to probation. But the reason a prior probation revocation is relevant to a defendant's future amenability to probation is that revocation necessarily follows a probation *violation*, and a probation violation reveals that the probationer was unable or unwilling to conform to and comply with the terms and conditions of probation. Here, Montgomery admitted violating his probation in a number of ways, effectively establishing that he was not amenable to his current probation. Regardless of the sanction that the district court imposed for those probation violations, its finding that probation was violated was sufficient to demonstrate that Montgomery cannot always follow the rules and may not be amenable to probation in the future.

In this appeal, Montgomery complains that, after he admitted to breaking the rules of probation, the district court did not grant his request to go to drug treatment or the county jail, instead of prison. In other words, Montgomery does not challenge the fact that he violated the terms and conditions of his probation; he merely complains about the resulting punishment. We cannot change the sanction imposed for the probation violation because the prison term that Montgomery was ordered to serve has been completed. Likewise, as noted above, any answer that we might give on the appropriateness of the sanction imposed will not impact any future assessment of his amenability to probation. Therefore, this appeal presents a request for an advisory opinion on a moot issue. Moreover, Montgomery has not shown, nor do we discern, any reason to invoke an exception to the rule that appellate courts will not entertain moot issues. Accordingly, we affirm the Court of Appeals' dismissal for mootness.

Affirmed.