Nos. 102,256
102,257

·STATE OF KANSAS, *Appellee*, v. HEATHER PAGE HILTON,
*Appellant*.
(286 P.3d 871)

Opinion filed October 19, 2012.

*Matthew J. Edge*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, argued the cause, and *Thomas J. Drees*, county attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Heather Page Hilton was sentenced to serve two consecutive 12-month probation terms. During the first term, the district court revoked both probations and ordered Hilton to serve her underlying prison sentences. Hilton appealed, claiming that the second probation term had not commenced when she violated the terms of the first probation term, so that the district court erred in sending her to prison on the second case. Hilton completed serving her prison terms before the case could be heard on appeal, and the Court of Appeals dismissed the appeal as moot. Finding that the issue raised by Hilton is one capable of repetition and of public importance, we reverse and remand to the Court of Appeals to reinstate the appeal.

## FACTUAL AND PROCEDURAL OVERVIEW

As an initial matter, we note that documents in the record refer to the appellant by the surnames of Hilton, Page, and Page-Hilton. Given that the caption on the petition for review filed with this court uses the name, "Heather Hilton," we will refer to the petitioner as Hilton.

This appeal involves two separate criminal cases. In the first, which we will refer to as the 2005 case, Hilton pled nolo contendere to felony criminal damage to property and was sentenced to an underlying prison term of 10 months and ordered to serve 12 months' probation. The sentence included a rather large restitution order, which Hilton was unable to satisfy during the initial 12 months of probation, and the court extended the term of probation to April 16, 2009.

While on probation for the 2005 case, Hilton pled nolo contendere to attempted reckless aggravated battery, hereinafter referred to as the 2007 case. On January 12, 2009, the district court sentenced Hilton in the 2007 case to an underlying prison term of 8 months and ordered her to serve 12 months' probation. During the same hearing, the district court revoked Hilton's probation in the 2005 case but reinstated the probation for 12 months. The district court indicated that both the probation periods and the sentences were to be served consecutively, making a total probation time of 24 months with a combined underlying prison sentence of 18 months. The court did not clearly pronounce which sentence was to be served first. The "Additional Comments" section of the sentencing journal entry in the 2007 case stated:

"Probation of 12 [months] consecutive to the probation of 12 [months] in 05 CR 264, revoked and reinstated. Total of 24 [months] probation to begin today. Probation through 1/12/11 total both cases. Sentence of 8 [months] also consecutive to the sentence of 10 [months] in 05 CR 264, total 18 [months] underlying."

On the other hand, the journal entry in the 2005 case suggested the other order of service:

"Probation 05 CR 264 consecutive to probation in 07 CR 312 (12 + 12 24 [months]). Sentence 05 CR 264 consecutive to sentence 07 CR 312 (10 + 8 18 [months]). Probation starts over today."

A little over a month later, on February 20, 2009, the State moved to revoke Hilton's probation based upon her admission to drinking alcohol at a bar and being arrested for driving under the influence, both violations of her terms and conditions of probation. At the March 9, 2009, revocation hearing, Hilton's attorney argued that because the probation in the 2007 case was ordered to run consecutive to the 12 months' probation in the 2005 case, the 2007 probation would not begin until the completion of the 2005 probation. Therefore, the defense argued that the 2007 probation could not be revoked for an act that occurred before the probation even began. The district judge rejected the defense counsel's argument, stating, "I don't think it legally applies, that she can't be violated in her probation in the second case simply because she's

doing probation on the first case at the same time, or in the preceding case. She's within the court's jurisdiction."

Hilton appealed the district court's revocation of probation in both cases, which appeals were subsequently consolidated. Both Hilton and the State filed briefs in the matter. Citing to *Price v. State*, 28 Kan. App. 2d 854, 858, 21 P.3d 1021, *rev. denied* 271 Kan. 1037 (2001), Hilton argued that a person cannot simultaneously serve consecutive sentences, so that she was not serving the 2007 probation when she violated her 2005 probation. Again citing to *Price*, she pointed out that " '[c]onsecutive sentences may not be treated collectively as one for the aggregate term of all, and the identity of the punishment for each must be preserved.' " 28 Kan. App. 2d at 858 (quoting 24 C.J.S., Criminal Law § 1582). Therefore, she contended that the district court's aggregation of two consecutive 12-month probations into a total probation term of 24 months was erroneous.

But before her case could be considered by the Court of Appeals, Hilton was paroled and her sentence expired. Based upon a letter from the State regarding the defendant's status change, the Court of Appeals issued a show cause order as to why the appeal should not be dismissed as moot. After Hilton responded, the Court of Appeals issued a pro forma order on July 9, 2010, that said simply: "Response to order to show cause by Appellant, Heather Page Hilton. Appeal dismissed."

Hilton filed a petition for review with this court, raising two issues: (1) The Supreme Court should grant review to resolve a split of authority in the Court of Appeals as to what renders a probation revocation appeal moot; and (2) the district court erred in revoking a consecutively imposed probation before its term began. We granted review.

### MOOTNESS OF PROBATION REVOCATION APPEAL AFTER COMPLETION OF SENTENCE

In her petition for review, Hilton points out that in *State v. White*, 41 Kan. App. 2d 943, 206 P.3d 553 (2009), a panel of the Court of Appeals found that a challenge to a probation revocation did not become moot upon completion of the prison sentence be-

cause the fact that the appellant had failed to successfully complete probation could influence future judgments concerning the appellant's amenability to probation. Yet, Hilton also notes that in *State v. Montgomery*, 43 Kan. App. 2d 397, 225 P.3d 760 (2010), in which a petition for review was then pending, another panel of the Court of Appeals found to the contrary, explicitly criticizing the holding in *White*. Hilton urges us to side with the holding in *White*.

*Standard of Review/Legal Maxims*

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. McKnight*, 292 Kan. 776, 778, 257 P.3d 339 (2011). That doctrine, however, is not a question of jurisdiction. Rather, this court has previously described the mootness doctrine as a court policy, which recognizes that the role of a court is to " 'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.' " *State v. Bennett*, 288 Kan. 86, 89, 200 P.3d 455 (2009) (quoting *Board of Johnson County Comm'rs v. Duffy*, 259 Kan. 500, 504, 912 P.2d 716 [1996]).

A court policy necessarily comes about through prior opinions of the court, *i.e.*, the mootness doctrine developed through court precedent. Accordingly, our review is unlimited. See *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012) ("To the extent our decision involves . . . the interpretation and application of . . . court precedent, we are resolving questions of law and, thus, exercising unlimited review. *Johnson v. Brooks Plumbing*, 281 Kan. 1212, 1213, 135 P.3d 1203 [2006].").

*Analysis*

On the same date as the oral arguments in this case, we heard arguments in the *Montgomery* case. In deciding that case, we noted:

"Montgomery has fully satisfied the sanction imposed for his probation violation, which was serving the entire underlying prison term of his original sentence. Montgomery's debt to society has been paid in full, even if his claim that he was overcharged is correct. Likewise, the State of Kansas has no authority to punish

or supervise Montgomery any further in this case. Accordingly, the Court of Appeals correctly stated that '[a]ny action this court might take in regards to his probation revocation would be an idle act insofar as Montgomery's rights in this action are concerned.' *Montgomery*, 43 Kan. App. 2d at 402." *State v. Montgomery*, (No. 102,119, opinion filed October 19, 2012, slip op. at 6-7).

The same holds true for Hilton. If the district court erred in revoking both probations, there is nothing we can do in this case to make it right with her.

But Hilton claims that she might suffer even further consequences in a future, separate criminal proceeding because of what the probation revocation will imply about her amenability to probation. We rejected that argument in *Montgomery*, stating:

"A case is not moot where it may have adverse legal consequences in the future. But the nonstatutory consequences arising from a probation revocation, which consequences will depend upon a judge's exercise of discretion in a future criminal proceeding rather than upon the mere fact of the prior probation revocation, are insufficient to perpetuate a controversy for purposes of the mootness doctrine, if the case has otherwise ceased." *Montgomery*, (No. 102,119, slip op. at 1, Syl. ¶ 4).

That rationale fits Hilton's circumstance, as well. Within weeks of being placed on probation, she admitted that she violated the terms and conditions of her probation in a rather significant manner. Regardless of whether Hilton's inability to follow the rules and perform on probation resulted in the immediate revocation of one probation or two, her conduct while on probation will be what is germane to any future assessment of her amenability to probation. In other words, it is not the sanction for violating probation that makes a person nonamenable to probation, it is the violation itself. Accordingly, as in *Montgomery*, this appeal presents a moot issue.

## Exceptions to the Mootness Doctrine

Unlike our decision in *Montgomery*, our finding of mootness in this case does not end the inquiry. Because the doctrine is not jurisdictional, it is subject to exceptions. One commonly applied exception to the rule that appellate courts will not review moot issues is where the moot issue "is capable of repetition and raises concerns of public importance." *State v. DuMars*, 37 Kan. App. 2d

600, 605, 154 P.3d 1120, *rev. denied* 284 Kan. 948 (2007). In that context, public importance means

" ' "something more than that the individual members of the public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals." ' *State ex rel. Stephan v. Johnson,* 248 Kan. 286, 290, 807 P.2d 664 (1991) (quoting Annot., 132 A.L.R. 1185, 1188-89)." *Skillett v. Sierra,* 30 Kan. App. 2d 1041, 1048, 53 P.3d 1234, *rev. denied* 275 Kan. 965 (2002).

Here, Hilton's probation revocation landed her in prison for 18 months. Presumably, she did not have any postrelease supervision after serving that term. See K.S.A. 22-3716(e) (offender whose nonprison sanction is revoked "shall not serve a period of postrelease supervision upon the completion of the prison portion of that sentence"). Therefore, sadly, it would have been highly unlikely that anyone in that circumstance could have obtained relief on appeal for any error in the revocation proceedings before the issue became moot. Indeed, the number of recent Court of Appeals cases addressing the mootness issue in the context of probation revocation speaks to the likelihood of repetition of that dilemma. See *Montgomery,* 43 Kan. App. 2d 397; *State v. White,* 41 Kan. App. 2d 943; *Lee v. State,* No. 106,274, 2012 WL 2476991, at *2 (Kan. App. 2012) (unpublished opinion); *State v. Brown,* No. 95,985, 2008 WL 2422761, at *2 (Kan. App.) (unpublished opinion), *rev. denied* 287 Kan. 766 (2008).

Moreover, a district court is statutorily required to impose a consecutive sentence for a crime that is committed while the offender was on probation. See K.S.A. 21-4608(c) (crime committed while on probation shall be served consecutively to term under which person on probation). Therefore, district courts are likely to face the circumstance of two cases with consecutive prison terms, and it is certainly a matter of public importance that such courts know the permissible manner in which to structure probation in those circumstances.

From the record, we are unable to discern whether the Court of Appeals analyzed the possible applicability of an exception to the court-made mootness doctrine. Nevertheless, we have engaged in that analysis and determined that this case fits squarely within

the exception for moot issues that are capable of repetition and which are of public importance. Therefore, we reverse the Court of Appeals' dismissal of this appeal and remand to the Court of Appeals for reinstatement and consideration of the issue presented.

Reversed and remanded.