NOT DESIGNATED FOR PUBLICATION

No. 112,615

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID S. LAWSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed January 29, 2016. Appeal dismissed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., GARDNER, J., and BURGESS, S.J.

*Per Curiam*:  Defendant David S. Lawson has appealed the decision of the Sedgwick County District Court to place him in the community corrections program rather than on a standard probation following his guilty pleas to burglary and theft for breaking into a pickup truck. Community corrections is considerably more restrictive than regular probation. Because Lawson has served his full sentence, we find his appeal moot and, therefore, dismiss it.

We briefly outline the issue by way of explaining our determination. After pleading guilty, Lawson went through a presentence investigation process designed to afford the district court information on his background and criminal history to aid in fashioning an appropriate punishment. As part of that process, Lawson was to complete a risk assessment instrument known as the Level of Service Inventory—Revised (LSI-R). Lawson apparently refused to do so, and his refusal was included in the presentence investigation report to the district court.

As provided in K.S.A. 2014 Supp. 75-5291(a)(2)(E), a district court is not to assign a criminal defendant convicted of a felony to a community corrections program unless he or she is "determined to be 'high risk or needs, or both' by the use of a statewide, mandatory, standardized risk assessment tool or instrument."[*] The instrument designated for that purpose is the LSI-R. At the sentencing hearing, the district court noted the report on Lawson stated he did not participate in the LSI-R assessment on "the advice of counsel." The district court then commented that at least some defense attorneys have argued the LSI-R may require criminal defendants to incriminate themselves in violation of the Fifth and Fourteenth Amendments to the United States Constitution. At sentencing, Lawson's lawyer did not advance such an argument and submitted the LSI-R was simply unnecessary given Lawson's comparatively limited criminal history.

[*]In pertinent part, K.S.A. 2014 Supp. 75-5291(a)(2)(E) states:

"Except as otherwise provided, placement of offenders in a community correctional services program by the court shall be limited to placement of adult offenders, convicted of a felony offense: . . . who are determined to be 'high risk or needs, or both' by the use of a statewide, mandatory, standardized risk assessment tool or instrument . . . ."

The district court stated that in the absence of a risk assessment based on the LSI-R, it intended to defer to the highest level of supervised probation and would, therefore,

2

put Lawson on probation for 12 months with placement in community corrections, subject to a controlling term of imprisonment of 6 months. Lawson timely appealed.

The only issue Lawson raised on appeal is the district court's decision to place him in community corrections rather than on a standard probation. He argued that K.S.A. 2014 Supp. 75-5291(a)(2)(E) precludes such a placement absent a completed LSI-R assessment and, therefore, the district court erred as a matter of law. If Lawson were correct, he would be entitled to remand to the district court for resentencing.

Given the issue and the comparatively short time periods involved, we asked the parties to provide supplemental briefing on Lawson's legal status. They did so. After sentencing, Lawson violated the terms of his probation. The district court revoked his probation and ordered him to serve the 6-month sentence. Lawson completed the sentence in December 2015 and is no longer subject to any criminal sanction in this case.

As to Lawson, then, a resolution of this appeal could have no impact on his legal status. Even if he were to prevail, he has already completed the punishment imposed, so he could not be resentenced. Lawson's challenge is moot. A controversy becomes moot when judicial resolution of an issue presented would no longer affect the legal rights or alter the legal relationship of the parties. *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012); *Rodarte v. Kansas Dept. of Transportation*, 30 Kan. App. 2d 172, 183, 39 P.3d 675, *rev. denied* 274 Kan. 1113 (2002). Courts typically do not address issues that have become moot, since a ruling would amount to an advisory opinion. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 896-97, 179 P.3d 366 (2008).

Courts recognize a narrow exception to the mootness doctrine when delays inherent in the judicial process are likely to render moot the same legal issue in case after case. Rigid enforcement of the mootness doctrine in that situation would leave a substantive issue incapable of judicial review and determination. See *Honig v. Doe*, 484

U.S. 305, 318, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988); *Roe v. Wade*, 410 U.S. 113, 125, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973). Lawson urges that exception on us here.

We decline for a couple of reasons. First, the same issue could be presented in a case with a longer period of probation. Second, the record in this case is insufficiently developed to fully and fairly consider the point. We are reluctant to say just how a district court ought to deal with a criminal defendant contumaciously refusing to participate in an LSI-R assessment and whether that defendant ought to obtain some apparent sentencing benefit based on an unwarranted refusal. That case does not seem to be this case insofar as Lawson asserted a colorable reason—advice of counsel—for his noncompliance. But we don't know what the advice was. The district court assumed it to be related to self-incrimination. We suppose an assertion of the constitutional protection against self-incrimination would present a genuine legal dispute worthy of consideration. But that case is not this case, either. Lawson never raised the self-incrimination issue in the district court. The LSI-R assessment instrument itself was never presented to the district court, and it is not part of the record on appeal. The omission is, to say the least, critical, and deprives us of the essential foundation for any meaningful review.

Accordingly, the appeal is dismissed as moot.