NOT DESIGNATED FOR PUBLICATION

No. 117,549

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHN GOODPASTURE,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed October 6, 2017.
Affirmed.

*Daniel J. Wernert*, of Wernert Law LLC, of El Dorado, for appellant.

*Fred W. Phelps Jr.*, legal counsel, of Kansas Legal Department of Corrections, and *Joni Cole*,
legal counsel, of El Dorado Correctional Facility, for appellee.

Before STANDRIDGE, P.J., HILL and SCHROEDER, JJ.

PER CURIAM: Wanting to visit with the younger members of his family, John
Goodpasture, an inmate at the El Dorado Correctional Facility, sought a writ of
mandamus to compel Warden James Heimgartner to allow him to attend a sex offender
treatment program. This was because an internal management policy of the Kansas
Department of Corrections required Goodpasture, as a sex offender with a minor victim,
to attend a treatment program before he could be granted permission to visit his minor
children. Under that policy, however, due to the length of his sentence, he was not
permitted sex offender treatment at this time. But the policy was amended effective

September 15, 2016. The amended policy removed the requirement that sex offenders complete a sex offender treatment program before being considered for visitation with minor family members. The amended policy simply requires requests for such visits be made through an "override process."

The district court dismissed Goodpasture's petition, holding:

- Mandamus was not the proper form of action in such a matter since mandamus is a remedy to compel a public official to perform a clearly defined statutory duty that requires no discretion or decision-making. Internal management of prisons and classification issues are discretionary matters;
- Goodpasture's pleading was really a habeas corpus petition because he sought relief on constitutional due process grounds; and
- the petition was moot because the Department's policy Goodpasture complained about had been changed.

On appeal, Goodpasture contends that mandamus was a proper remedy. He sought an order compelling Warden Heimgartner to perform a duty "clearly defined" under the Department's Internal Management Policy and Procedure 11-115. He cites language from the policy: "Treatment shall be provided in correctional facilities, targeted to offenders who are moderate- and high-risk to sexually offend." IMPP 11-115, p. 8. Since Goodpasture was deemed high-risk, treatment must be provided for him.

Whether mandamus is appropriate is a question of law. *State ex rel. Slusher v. City of Leavenworth*, 285 Kan. 438, 443, 172 P.3d 1154 (2007). A brief review of the law of mandamus is helpful.

2

"Mandamus is a proceeding to compel some inferior court, tribunal, board, or some corporation or person to perform a specified duty, which duty results from the office, trust, or official station of the party to whom the order is directed, or from operation of law." K.S.A. 60-801. In other words, mandamus is a remedy to compel a public official to perform a clearly defined duty imposed by law and not involving the exercise of discretion. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 907, 179 P.3d 366 (2008).

Mandamus does not lie to enforce a right in substantial dispute. See *Ambrosier v. Brownback*, 304 Kan. 907, 911-12, 375 P.3d 1007 (2016). We agree with the following statement:

> "The only acts of public officials that the courts can control by mandamus are those strictly ministerial, meaning the public official or agent is required to perform based upon a given set of facts, in a prescribed manner, in obedience to the mandate of legal authority, and without regard to his own judgment or opinion about the propriety or impropriety of the act to be performed. *Arney v. Director, Kansas State Penitentiary*, 234 Kan. 257, 261, 671 P.2d 559 (1983)." *State ex rel. Stephan v. Kansas Racing Comm'n.*, 246 Kan. 708, 717, 792 P.2d 971 (1990).

Mandamus is also a proper remedy to obtain an authoritative interpretation of the law for the guidance of public officials in their administration of public business. 246 Kan. at 716-17.

In our view, mandamus was not appropriate here. Courts give penal authorities great deference in the management and operation of the prison system. *Jamerson v. Heimgartner*, 304 Kan. 678, Syl. ¶ 1, 372 P.3d 1236 (2016). The policy and procedure at play here, IMPP 11-115, does not clearly impose a duty on the warden to place Goodpasture into sex offender treatment now. The decision when and if to provide Goodpasture sex offender treatment is a *discretionary* decision. Goodpasture was denied

3

entry to a sex offender treatment program in part because his parole eligibility date is June 13, 2061, and in part as a matter of discretion of the prison officials. Courts will not compel under mandamus a prison official to act when the action is discretionary, as here.

Next, Goodpasture contends that if we view his petition as a habeas corpus petition, his claim is not moot because he is still being denied visits with his immediate family members under the age of 18 due to his risk level. To his knowledge, "the only way to reduce his risk level for purposes of obtaining an override would be to go through the Sex Offender Treatment Program which is still unavailable to him." He argues he has a liberty interest in visiting his children.

Because mootness is a doctrine of court policy, our review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). The mootness test has been described as a determination whether it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights. *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014).

But there are exceptions. One exception is where an issue is "'capable of repetition and raises concerns of public importance.'" Public importance means "'something more than that the individual members of the public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals.'" *State v. Montgomery*, 295 Kan. 837, 841, 286 P.3d 866 (2012). While Goodpasture could again be denied entrance to the treatment program, we see no concern of public importance here. Therefore, the exception noted above does not apply.

Obviously, the policy Goodpasture complained about has been rescinded. Goodpasture does not argue how his *original* claim was capable of repetition or is of

4

great public importance. But he complains the controversy is still ongoing because he still cannot see his children despite exhaustion of the new remedies. But the circumstances have changed.

We note that the denial of Goodpasture's visitation under the amended policy, because of risk level, was not before the district court. Issues not raised before the trial court cannot be raised on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). We have no facts to determine whether Goodpasture was again denied visitation because he had not completed the sex offender treatment program and whether his due process rights were violated. See *Wirsching v. Colorado*, 360 F.3d 1191, 1198-1201 (10th Cir. 2004). Under these circumstances, we will not consider an issue that was not argued to the district court under Goodpasture's claim of repetition. In fact, a denial of visitation cannot recur under the old policy, only under the new policy. Thus, Goodpasture must raise any claim he may have in a different pleading.

We affirm the district court's dismissal of Goodpasture's petition.