NOT DESIGNATED FOR PUBLICATION

No. 114,604

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JASON LEWIS MILLIGAN,
*Appellee*,

v.

STATE OF KANSAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed June 2, 2017. Appeal dismissed.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, *Chadwick J. Taylor*, former district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Richard Ney* and *David L. Miller*, of Ney, Adams & Miller, of Wichita, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*: Jason Lewis Milligan pled guilty to one count of rape of his half-sister in 2010. Prior to sentencing, he moved to withdraw his plea on the basis that his counsel was constitutionally ineffective. After a hearing in which Milligan was represented by new counsel, the trial court denied his motion to withdraw plea and sentenced him. Milligan's conviction was affirmed on direct appeal. *State v. Milligan*, No. 108,094, 2013 WL 2919942 (Kan. App. 2013) (unpublished opinion).

1

Milligan then brought a K.S.A. 60-1507 motion alleging ineffective assistance of his original plea counsel, his new counsel, and his counsel on appeal. The district court granted the motion as to counsel at the plea hearing, vacated Milligan's sentence, and ordered the trial court to hold a new hearing on Milligan's motion to withdraw his plea. The State timely appeals that order.

We do not recount the entire procedural history of this case, but summarize a few key pleadings. The State requested a stay of the district court's decision vacating Movant's sentence pending our review, and our motions panel denied that motion as moot since Movant had been released from custody. The State then filed a motion for reconsideration, admitting that the purpose of its motion for stay was "not solely to keep [Milligan] in custody, but to also stay the underlying criminal case pending the corresponding appeal." The State specifically requested "that [Milligan's] new hearing on his motion to withdraw his plea in the criminal case not be heard by the district court while the corresponding appeal is pending." The motions panel denied that motion, stating: "The underlying criminal action is not before this court on appeal, which means that a stay of that criminal action is beyond this court's reach."

Thus neither the criminal case nor this civil case was stayed. The new plea hearing occurred and the trial court granted Milligan's motion to withdraw his plea. Milligan then moved to dismiss the appeal as moot, but our motions panel denied that motion on present showing and invited the parties to brief that issue in their briefs on appeal. They have done so. The State again moved us, unsuccessfully, to reconsider the denial of a stay, noting the criminal case was set for trial the same week that this related 60-1507 case was set for oral argument.

As the State was preparing for trial, the parties reached a plea agreement. The district court accepted Milligan's plea at a hearing. The State informs us that Milligan pleaded no contest to one count of aggravated battery and one count of aggravated sexual

battery. Milligan again moved this court to dismiss the State's appeal as moot. We do so now.

Because of Milligan's plea, the State's appeal no longer presents a live case or controversy. Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). Mootness applies when the only judgment that could be entered would be ineffectual for any purpose and would not impact any of the parties' rights. *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014). That is the case here. This appeal is moot, and any decision rendered by this court would be an impermissible advisory opinion. *See Toney v. Miller*, 358 F. Appx 583, 584 (5th Cir. 2009) (unpublished opinion) (dismissing habeas case as moot where State appealed the grant of habeas, the court denied a motion for stay, and the defendant entered a plea agreement in the underlying criminal case).

Accordingly, we dismiss this appeal.