NOT DESIGNATED FOR PUBLICATION

No. 115,854

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN D'CORY BUFFINGTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed June 23, 2017. Appeal dismissed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*:  In 2012, Justin D'Cory Buffington was convicted in case No. 12 CR 2569 of leaving the scene of an accident in which a death resulted. Buffington was sentenced to 34 months' imprisonment, suspended to 36 months' supervised probation. In 2014, Buffington pled guilty to driving under the influence of alcohol or drugs (DUI) in case No. 14 TR 8647 and was sentenced to 6 months' imprisonment, suspended to 12 months' supervised probation. Buffington argues the district court abused its discretion by revoking his probation and imposing his underlying sentence. Buffington has served his

1

sentence in case No. 14 TR 8647 and has been discharged. Accordingly, the issue is moot and the appeal is dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2015, the State alleged Buffington violated his probation by consuming and testing positive for alcohol, failing to report to his probation officer, and being unsuccessfully discharged from court-ordered cognitive therapy. In December 2015, the State alleged Buffington violated his probation by possessing marijuana, transporting an open container of alcohol, violating an ignition interlock restriction, failing to report to his probation officer, and absconding from supervision. The district court held an evidentiary hearing on February 18, 2016. Buffington stipulated to failing to report to his probation officer, possessing marijuana, transporting an open container, and violating the ignition interlock restriction.

After considering the arguments and evidence presented, the district judge held:

"Okay. Well, here's kind of the bottom line here then, I'll tell you because I don't want to keep everybody in suspense. I can't take the chance that you're going to kill somebody, including yourself. I took that chance when I placed you on probation back in May of 2014. And as I've just mentioned, you did pretty well for a while, actually it was June of 2013 when I placed you on probation, so it has been going on 3 years. And it was a 36-month probation. You had the probation violation, the previous probation violation on May 23rd of 2014, and the Court gave you an additional chance. And that was based upon a DUI allegation, April 19, 2014. And I get the idea that, you know, you've been clean for a while now and so somehow we've now gotten your attention, but I find that kind of hard to believe. I mean, you had a situation where you killed somebody and I know that that had to have an impact on you and I don't discount that for a moment, but at the same time, if that is not going to get your attention there is nothing I can do to get your attention. And yet the Court gave you an opportunity at that time.

2

"Then we had the probation violation in May of 2014. And the Court gave you another opportunity. I think that was when the Court ordered you to complete the residential program. And then we have these violations that include an ignition interlock attempt or successful, not sure which, but bottom line is that there was an ignition interlock violation. And I think maybe there was just no device is what it came down to according to the warrant. And then we've got the marijuana use. We've got transporting an open container. A man who has killed somebody while driving a car and who has been on probation with a 34-month underlying sentence who has committed a DUI and/or alleged and is still on probation, I can't take that chance. I can't take the chance that somehow all of a sudden now you have realized the error of your ways. I hope that that is right, but I can't take the chance and most likely the guy to be killed is you.

"And I understand there are issues here that need to be addressed, and unfortunately, the Department of Corrections may not address those. But this really is a situation where it is time there is a price to be paid and more important is that neither one of us can take that chance at this point. So I appreciate the arguments and input from your family and so forth. You have no prior criminal history before this and that's the other thing and you're very young and that's why the Court has given you several opportunities. Not as young as you were when we started this, but we're still as of the middle of late last year and late last year. I mean, the open container violation, while it is not a serious felony, is in my view fatal to your situation here because you're not only still driving, you know, and you're driving with an alcohol—container of alcohol in your vehicle and that's a complete, I mean, I don't know how much more you can thumb your nose at me, at your family, everybody who cares about you. Then pull that kind of stunt and to know that, again, the guy who you may kill is yourself. And, you know, we worry about DUIs all the time, a lot of talk about the victims, but many times the victims are the family members of the people who are driving drunk because, I mean, when there is a DUI accident, you know, a driver is almost always involved, that's just the way it goes.

"So the bottom line is that based upon the totality of the circumstances I don't think the Court has any choice here. I'm going to revoke Mr. Buffington's probation and I will order him to serve the sentence as previously imposed in the case."

The district court imposed Buffington's underlying sentence of 34 months' imprisonment in case No. 12 CR 2569, concurrent with 6 months' imprisonment in 14 TR

8647. Buffington was credited with 90 days' jail credit. Buffington filed a timely notice of appeal, only challenging the district court's decision in case No. 14 TR 8647.

ANALYSIS

Buffington argues the district court abused its discretion when it revoked his probation and imposed his underlying sentence, asserting it "overreacted to the new violations."

*Standard of Review*

Once there has been evidence of a violation of the terms of probation, the decision to revoke probation rests in the discretion of the trial court. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). An abuse of discretion occurs when a judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) based on an error of law; or (3) based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). "If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said the trial court abused its discretion." *State v. Gant*, 288 Kan. 76, 81-82, 201 P.3d 673 (2009), *abrogated on other grounds by State v. Sampson*, 297 Kan. 288, 297, 301 P.3d 276 (2013).

*Mootness*

As a general rule, an appellate court does not decide moot questions or render advisory opinions. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). The mootness doctrine is not a question of jurisdiction; it is a court policy which recognizes that the role of a court is to ""determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be

4

operative, final, and conclusive."'" *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 886 (2012). However, "'[a]n appeal will not be dismissed as moot, unless it clearly and convincingly appears the actual controversy has ceased, the only judgment which could be entered would be ineffectual for any purpose,'" and it would not impact any of the parties' rights. 295 Kan. at 840.

In *Montgomery*, our Supreme Court found Montgomery's appeal of a prison sanction imposed for a probation violation was moot because his prison term had already been completed. 295 Kan. at 844. Here, Buffington only appeals from the district court's decision in case No. 14 TR 8647 for which he was sentenced to 6 months' imprisonment concurrent with 34 months' imprisonment in case No. 12 CR 2569. Buffington's probation was revoked on February 18, 2016, and he was credited with 90 days' jail credit. Buffington served his sentence in case No. 14 TR 8647 and has been discharged. Accordingly, the issue is moot, and the appeal is dismissed. See *Montgomery*, 295 Kan. at 844.

*No Abuse of Discretion*

Regardless of the dismissal of this appeal for mootness, Buffington's argument on the merits fails. Buffington stipulated to failing to report to his probation officer as well as committing three new crimes. The district court noted his stipulations and thoroughly discussed its concerns for both public safety and Buffington's welfare. Specifically, the district court focused on the fact Buffington was on probation for leaving the scene of an accident in which a person was killed as well as a subsequent DUI conviction, and then committed an open container violation.

The district court's decision was based on stipulations knowingly made on the record as well as safety concerns specifically set forth therein. Its factual findings are properly articulated and supported by substantial competent evidence. Because

Buffington was on probation for a misdemeanor, the district court could revoke his probation and impose the underlying sentence without imposing an intermediate sanction. See K.S.A. 2016 Supp. 22-3716(b)(3)(B)(iii). In other words, the district court's decision was not based on an error of fact or law, nor does Buffington allege any such error. Buffington argues the district court's decision was unreasonable, alleging it "overreacted." Buffington's argument is unavailing. The district court thoroughly explained its decision, which was more than reasonable under the circumstances. Nevertheless, even if reasonable persons could disagree as to the propriety of the district court's decision, it is not an abuse of discretion. See *Gant*, 288 Kan. at 81-82.

Dismissed.