No. 116,886

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARCUS W. ALLEN,
*Appellant*.

SYLLABUS BY THE COURT

1.

When a defendant is serving probation in more than one case at the same time and a district court enters sanctions in more than one case under the provisions of subsections (c)(1)(B), (c)(1)(C), (c)(1)(D), or (c)(11) of K.S.A. 2016 Supp. 22-3716, the sanctions must be imposed concurrently.

2.

When the court's ruling would have no practical effect on the parties, the case is moot. An appellate court may still address an issue presented in a moot case if the issue is capable of repetition in other cases and is of public importance.

Appeal from Geary District Court; STEVEN L. HORNBAKER, judge. Opinion filed November 17, 2017. Vacated.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Jason B. Oxford*, assistant county attorney, *Krista Blaisdell,* county attorney, and *Derek Schmidt,* attorney general, for appellee.

Before MALONE, P.J., LEBEN, J., and KEVIN P. MORIARTY, District Judge, assigned.

LEBEN, J.: While Marcus William Allen was on probation in two cases, he violated the terms of his probation. In one case, the district court gave Allen a 60-day stay in jail as a sanction for the violation—a sanction authorized by statute, specifically K.S.A. 2016 Supp. 22-3716(c)(11). In a second case, the district court gave Allen another 60-day jail term as a sanction. And the court ordered the two sanctions be served consecutively for a total of 120 days.

Allen objected, noting that the neighboring section of the same statute, K.S.A. 2016 Supp. 22-3716(c)(10), provides that "[i]f an offender is serving multiple probation terms concurrently, any violation sanctions imposed . . . pursuant to subsection (c)(11), shall be imposed concurrently." The district court overruled Allen's objection, and he appealed.

We agree with Allen. These statutory provisions are quite clear. The district court can enter a sanction of up to 60 days in jail for a probation violation, but when the defendant is serving more than one probation at the same time, any jail time ordered as a sanction for violations must be ordered to run concurrently (meaning they would all run at the same time), not consecutively (meaning that they would be added together).

The underlying facts behind this appeal are straightforward. Allen pled no contest in 2013 to forgery. The district court convicted him based on that plea and sentenced him to probation for 18 months (with an underlying 8-month prison term to be served if he didn't successfully complete probation).

While on probation in that case, Allen committed two new offenses—possession of methamphetamine (a felony) and possession of marijuana (a misdemeanor). That obviously violated the terms of his probation; every probation includes a requirement that

2

the defendant obey the law while on probation. So the district court sent Allen to jail for 30 days as a sanction for violating probation. Separately, in a new criminal case, Allen pled guilty to the new crimes, was convicted, and was sentenced to probation.

Unfortunately, Allen again violated his probation. This resulted in separate hearings—presided over by different judges—in the two cases in which he had been placed on probation.

At the first hearing, Allen stipulated that he had violated his probation. The district judge entered a 60-day jail sanction.

A second hearing was then held in Davis' other case, with a different judge presiding. Allen again stipulated that he had violated his probation. That judge also decided that the appropriate response would be a 60-day jail sanction. When he announced that it would be ordered to run consecutively to the 60-day sanction already entered in the other case, Allen's attorney objected, citing K.S.A. 2016 Supp. 22-3716(c)(10).

The court ordered that both sides file a brief on the issue and set the matter over for a further hearing. Allen filed a brief; the State did not. But the court overruled Allen's objection and made the 60-day sanction run consecutively to the 60-day sanction already entered in the other case. That meant that Allen would serve a total of 120 consecutive days in jail for violating the probation terms in the two cases. The district court said it didn't believe the statute was intended to apply when the probations are in "two separate cases."

On appeal, Allen again cites the clarity of the statute, K.S.A. 2016 Supp. 22-3716(c)(10). The State says that taken as a whole, "[t]he entirety of K.S.A. 22-3716 can be read as relating to probation violations which are subject to proceedings before a

3

single district court, without reference or guidance as to how probation violation proceedings before one district court would affect (or be affected by) proceedings held in a separate, yet equal, district court." The State contends that no statute specifically prohibits making probation sanctions consecutive if imposed by a different judge or in proceedings in another county.

We find no support for the State's position in the statutory language.

When a defendant violates probation, K.S.A. 2016 Supp. 22-3716 generally requires that a district court use sanctions short of sending the defendant to prison before imposing the prison sentence and revoking probation. Sanctions may be as little as a two- or three-day stay in the county jail, which is provided for in subsection (c)(1)(B). If the offender has already had a two- or three-day jail sanction, the court can send him or her for up to 120 days to the state prison (or in some circumstances up to 180 days), as provided for in subsections (c)(1)(C) and (c)(1)(D). Or, if the offender is on felony probation, the court can even make a county-jail sanction as long as 60 days, something provided for in subsection (c)(11). Allen and the State agree that the district court's 60-day jail sanction of Allen at issue here came under the authority of subsection (c)(11).

With that in mind, let's turn to subsection (c)(10). It provides that the various sanctions short of imposing the prison sentence (sanctions that are often referred to as intermediate sanctions) must be imposed concurrently:

> "If an offender is serving multiple probation terms concurrently, any violation sanctions imposed pursuant to subsections (c)(1)(B), (c)(1)(C) or (c)(1)(D), or any sanction imposed pursuant to subsection (c)(11), shall be imposed concurrently." K.S.A. 2016 Supp. 22-3716(c)(10).

4

From that language, there are two triggers to the application of its rule. First, the offender must be "serving multiple probation terms concurrently." Second, violation sanctions must be imposed under one of the listed subsections. If those conditions are met, then any sanction "shall be imposed concurrently."

As to the first, was Allen serving more than one probation term concurrently? Concurrent simply means "[h]appening, existing, or done at the same time as something else." American Heritage Dictionary 383 (5th ed. 2016). Perhaps there might be some different legal meaning. But there's no tricky legal definition here, either. Black's Law Dictionary defines concurrent as "[o]perating at the same time" and concurrent sentences as "[t]wo or more sentences of jail time to be served simultaneously." Black's Law Dictionary 352, 1569 (10th ed. 2014).

Of course, Allen wasn't serving the jail (or prison) sentence—he was on probation. But the probation in both cases was happening at the same time, thus meeting the statutory language because Davis was "serving multiple probation terms concurrently."

The State agrees the second condition was met: the sanction was imposed under subsection (c)(11). So the sanctions—here 60 days in jail in each case—had to be run concurrently, not stacked one after another to total 120 days as the court ordered.

We recognize that a district judge in one county may make a prison sentence consecutive to a sentence previously entered in another county, and that's so even though no statute specifically authorizes it. Our Supreme Court reached that result in *State v. Quested*, 302 Kan. 262, 285, 352 P.3d 553 (2015), a case that required the court to consider several different provisions of our sentencing statutes and several past court decisions.

But here we need consider only a single statute, K.S.A. 2016 Supp. 22-3716. It covers what a court may do when a defendant violates probation; it contains several subdivisions providing for intermediate sanctions. And then it provides—with specific reference to those subdivisions of the same statute—that any sanction entered under those provisions "shall be imposed concurrently." K.S.A. 2016 Supp. 22-3716(c)(10). While the district court suggested that it shouldn't necessarily apply to cases in different counties or before different judges, nothing in the statutory language suggests that. We find no ambiguity in the command of K.S.A. 2016 Supp. 22-3716(c)(10).

By this point, the careful reader may have wondered why we are addressing this issue at all. The district court gave Allen this 60-day sanction last year, and even though our court moves at a good pace, he had served his sanction by the time transcripts were prepared and both sides had filed appellate briefs. In addition, since the total of this 60-day sanction and the time he had previously spent in jail before conviction totaled almost the full eight-month sentence, the district court separately directed that his sentence be considered fully served at the end of the 120 days. So any order we enter today can be of no use to Mr. Allen. And ordinarily we don't address an issue when our ruling would have no practical significance to the parties. Instead, we ordinarily dismiss the case as moot. See *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012); *C.M. v. McKee*, 54 Kan. App. 2d 318, 320, 398 P.3d 228 (2017).

There's an exception to this rule that applies here, though. When an issue is capable of repetition and of public importance, we can go ahead and decide it. *Hilton*, 295 Kan. 845, Syl. ¶ 5. The issue Allen has raised could occur throughout the state at any time: lots of defendants are serving probation on more than one case at a time. And the issue is one of public importance: Allen spent 60 additional days in jail when the court had no authority to keep him there. We therefore provide an answer to the issue Allen has presented here for guidance in later cases.

We vacate the district court's order requiring that Allen's 60-day jail sanction in this case run consecutively to the 60-day jail sanction entered in another case.