NOT DESIGNATED FOR PUBLICATION

No. 117,783

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT JOE BARNES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; MICHAEL L. QUINT, judge. Opinion filed November 16, 2018.
Appeal dismissed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Brian R. Sherwood*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and
*Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and POWELL, JJ.

PER CURIAM:  At times, before we can address the issues raised by the parties to
an appeal we must decide whether a case is moot. This is one of those cases. Because
Robert Barnes has served his entire prison sentence for this crime, a fundamental
question arises. Can we reduce his period of postrelease supervision if we find that his
criminal history score is inaccurate because of a misclassified Texas burglary conviction?
In other words, is this case merely asking for an advisory opinion? From our reading of
the law and after considering the cases, as well as the procedural posture of this case, we
conclude that our holding on Barnes' criminal history does not affect his period of

1

postrelease supervision. That period is set by statute and not the sentencing court. We hold that this case is moot and dismiss the appeal.

*Barnes is in prison, awaiting the start of a new sentence for a more recent crime.*

This is an appeal involving only Finney County Case No. 11CR551, where Barnes pled no contest in 2011 to distribution of methamphetamine and a drug tax stamp violation. He committed these crimes in February 2011 while on probation in another Finney County case and the court revoked his probation in that case and ordered him to serve that prison sentence. He was ordered to serve this sentences consecutively. The court set his sentence here at 44 months' imprisonment and 24 months' postrelease supervision. Before sentencing, the court decided Barnes' criminal history score was B based, in part, on a 1978 "Burglary of a Habitat" conviction in Texas.

In April 2016, Barnes completed the prison portion of his sentence  and was released on postrelease supervision. Things did not go smoothly. While on postrelease supervision, he committed two new felonies. For these new crimes, Barnes went back to prison to serve the remainder of his postrelease supervision term in prison and then was sentenced to 26 months in prison to be served consecutive to his postrelease supervision sentence here.

*Some general observations about mootness.*

Our policy in Kansas is clear. Appellate courts do not decide moot questions or render advisory opinions. A claim is moot if "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.' [Citations omitted.]" *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014).

2

Our role is to determine real controversies over the legal rights of persons and property that are actually involved in the particular case properly brought before us and to adjudicate those rights so that the determination will be operative, final, and conclusive. See *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). Because mootness is a doctrine of court policy, which was developed through court precedent, appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

The State argued before the district court that the sentencing issue "may be moot" because Barnes had already served his prison sentence and was on postrelease supervision. The court asked Barnes if he was in custody for this case and Barnes conveyed that he was not. Instead, he was in custody for a different case. The State asked the court to reach the merits of the sentencing issue and the court did.

Before this court, the State submitted a notice of change of Barnes' custodial status under Supreme Court Rule 2.042 (2018 Kan. S. Ct. R. 18). Barnes did not object. The State also added to the record on appeal a copy of the journal entry of judgment and presentence investigation report from Finney County case No. 17CR65. On January 25, 2017, Barnes committed attempted possession of drug paraphernalia and criminal possession of a firearm by a convicted felon. He was sentenced to 26 months in prison to run consecutive to his sentence in this case. The presentence investigation report states that Barnes committed this new crime while on "parole" in case No. 11CR551. The document states Barnes was "Paroled in FI 11-CR-551 on 4/15/16." The reference to "parole" rather than "postrelease supervision" appears to be inadvertent.

*Why this case is moot.*

At least six panels of this court have found challenges to defendants' criminal history scores moot when the defendants had completed the prison portion of their sentences and were on postrelease supervision. See *State v. Gregory*, No. 113,207, 2017

3

WL 1104475, at *4-5 (Kan. App. 2017) (unpublished opinion); *State v. Terrell*, No. 115,145, 2017 WL 1035328, at *2-3 (Kan. App. 2017) (unpublished opinion); *State v. Her*, No. 112,815, 2016 WL 3365755, at *4 (Kan. App. 2016) (unpublished opinion); *State v. Reed*, No. 113,845, 2016 WL 2775148, at *1-2 (Kan. App. 2016) (unpublished opinion); *State v. Brown*, No. 112,825, 2015 WL 9286987, at *2-4 (Kan. App. 2015) (unpublished opinion); *State v. Dunn*, No. 111,283, 2015 WL 2414362, at *2 (Kan. App. 2015) (unpublished opinion). We cannot ignore their common rationale.

The cases' reasoning presumes that postrelease supervision is mandatory. See K.S.A. 2010 Supp. 22-3717(d)(1). The length of postrelease supervision is determined by the severity level of the crime of conviction. Simply put, a defendant's criminal history is irrelevant in determining this component of the sentence. See K.S.A. 2010 Supp. 22-3717(d)(1)(A)-(C). Twenty-four months is the statutory minimum for a severity level 3 drug crime. See K.S.A. 2010 Supp. 22-3717(d)(1)(B)

We also note that a defendant who is resentenced is not entitled to a credit against his or her postrelease supervision period for the time he or she already served in prison more than the prison time imposed at the resentencing. *State v. Gaudina*, 284 Kan. 354, Syl. ¶ 1, 160 P.3d 854 (2007).

The *Gaudina* court's analysis provides us guidance. The court looked at various Kansas statutory provisions and determined that it was the Legislature's intent that postrelease supervision be a distinct period of the offender's sentence. 284 Kan. at 361; see, e.g., K.S.A. 22-3722 (distinguishing parole from postrelease supervision); K.S.A. 2010 Supp. 22-3717(q) (inmates are released on postrelease supervision upon the termination of the prison portion of sentence). "[T]he legislature's intent [is] that a defendant is to serve a bifurcated sentence—imprisonment followed by postrelease supervision—and that these two parts are effectively independent from each other." 284 Kan. at 368. The court also concluded that the statutes authorized no credit to be applied

4

to the postrelease supervision portion of the sentence for excess time served in prison. 284 Kan. at 362-63.

Applying those lessons here, we see that if Barnes was resentenced based on a criminal history score of C rather than B, he would still be in a presumptive prison box. See K.S.A. 2010 Supp. 21-4705(a). Thus, a change in Barnes' criminal history score would have no legal effect on his period of postrelease supervision, because that results from the severity level 3 of his methamphetamine crime.

This is true even though it appears Barnes will have to serve the balance of his postrelease supervision term in prison. Under K.S.A. 2010 Supp. 75-5217(c), if a defendant commits a felony while on postrelease supervision, the defendant "shall serve the entire remaining balance of the period of postrelease supervision." The *Gaudina* court acknowledged this possibility. "Although the defendant may again be incarcerated if [postrelease] conditions are violated, the time served is in addition to the original prison term not in place of the original term." 284 Kan. at 362-63.

This scenario occurred in *State v. Gray*, No. 97,403, 2008 WL 496153 (Kan. App. 2008) (unpublished opinion). Gray raised a sentencing issue. Like here, he had served the prison portion of his sentence and was released on postrelease supervision. While on postrelease supervision, he committed new felonies and was ordered to serve a new prison sentence consecutive to the postrelease supervision term. And under K.S.A. 2006 Supp. 75-5217(c), he had to serve the balance of his postrelease supervision term in prison. The court determined the appeal was moot. Gray could not be awarded credit against the postrelease supervision portion of his sentence for the time he spent in prison above the prison time ordered at resentencing. 2008 WL 496153, at *4-5.

5

Finally, we note that resentencing Barnes using a criminal history score of B would not affect Barnes' remaining postrelease supervision obligations. Thus, that judgment would be ineffectual for any purpose and this appeal is moot.

Appeal dismissed.