NOT DESIGNATED FOR PUBLICATION

No. 123,541

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HIEU TRONG LUONG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed January 28, 2022. Appeal dismissed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HURST, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: Hieu Trong Luong brings this direct appeal from his sentence after pleading guilty to multiple charges. On appeal, Luong argues the district court erred in calculating his criminal history score by including two prior convictions for criminal threat because the State failed to prove those convictions were constitutionally valid. Regardless of the merits of this argument, Luong has already completed his term of imprisonment—he argues this court should still address the merits of his claim because

1

this issue is capable of repetition and is a matter of public importance. This court disagrees and dismisses his appeal as moot.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Hieu Trong Luong with burglary, theft, and criminal damage to property for an incident on November 7, 2018. The details of the crime are irrelevant to this appeal. On July 24, 2020, Luong pled guilty to all three charges. The presentence investigation (PSI) report indicated a criminal history score of A. The PSI report included two prior person felony convictions for criminal threat in 2014 and a felony robbery conviction from Nebraska. Luong challenged the classification of each of these convictions—both their existence and classification as person felonies.

At sentencing, the district court heard arguments on Luong's challenges to the PSI report. The court ruled against Luong on the Nebraska robbery conviction and found it was properly included in his criminal history as a person felony. Luong also argued his 2014 criminal threat convictions were unconstitutional under *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019)—but the district court disagreed and determined that Luong had pled guilty to alternative means of the offense. According to the district court, the State had charged Luong with criminal threat for making threats to commit violence "with the intent to place another in fear . . . or in reckless disregard of the risk of causing such fear." Both of these criminal threat convictions also carried special domestic violence designations. Ultimately, the district court found that these criminal threat convictions should be in his criminal history score because they included convictions for intentional criminal threats. The court then sentenced Luong to 30 months' imprisonment, followed by 12 months of postrelease supervision.

Luong appeals.

DISCUSSION

Luong argues his sentence was illegal because the district court erred in calculating his criminal history score because the State failed to show that his prior convictions for criminal threat were constitutional under *Boettger*, 310 Kan. 800, Syl. ¶ 3 (declaring the portion of K.S.A. 2018 Supp. 21-5415(a)(1) that allowed conviction for threat of violence in reckless disregard for causing fear to be unconstitutionally overbroad).

As a prefatory matter, the State alleges Luong's claims should be dismissed as moot. See *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020) (explaining a case is moot when there is no actual controversy remaining). A case is properly dismissed as moot when "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" 311 Kan. at 592. In this case, the party asserting mootness has the initial burden of establishing the case is moot by showing that the defendant "has fully completed the terms and conditions of his or her sentence." 311 Kan. at 593. The party opposing dismissal must then "show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." 311 Kan. at 593.

Here, the State argues Luong's claim is moot because he has already served his term of imprisonment. An appellate court must "carefully scrutinize the reliability of evidence" related to a change in custodial circumstance. *State v. Yazell*, 311 Kan. 625, 628, 465 P.3d 1147 (2020). The State filed a notice of change in custodial status in accordance with Kansas Supreme Court Rule 2.042 (2021 Kan. S. Ct. R. 18), stating that Luong completed the custodial portion of his sentence on July 7, 2021. The State's filing included a letter from the Kansas Department of Corrections confirming Luong's release and noted that he is reporting to the Kansas Department of Corrections Wichita Parole

3

Office while serving his term of postrelease supervision. This court accepts this notice as reliable evidence showing Luong is no longer serving jail time.

Luong does not controvert the State's assertion and appears to concede that he has completed the incarceration portion of his sentence. But before an appellate court dismisses a case as moot, it must analyze whether the relief sought, if granted, would impact the appellant's current or future substantial rights. *Roat*, 311 Kan. at 593. Luong does not argue that dismissal would impair any substantial interest. In fact, the sole relief Luong requests is the "correction of [his] criminal history score." As Luong has already served the imprisonment portion of his sentence and Luong's requested relief would not impact the term of his postrelease supervision—the requested relief would be ineffectual for any purpose. See K.S.A. 2018 Supp. 22-3717(d)(1)(C) (requiring 12 months of postrelease supervision regardless of criminal history score). Rather than argue dismissal would impact his substantial interest, Luong maintains an exception to mootness applies. Luong contends that consideration of his appeal is necessary because the sentencing issue he raises is capable of repetition and raises concerns of statewide, public importance.

Luong is correct that Kansas courts recognize an exception to the mootness doctrine when an issue "'is capable of repetition and raises concerns of public importance.'" *State v. Kinder*, 307 Kan. 237, 244, 408 P.3d 114 (2018). Public importance is defined as "something more than that the individual members of the public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals." *State v. Hilton*, 295 Kan. 845, Syl. ¶ 5, 286 P.3d 871 (2012). Luong claims the exception applies to this case because "[t]he lower courts do not understand this issue." However, in the wake of the Kansas Supreme Court's decision in *Boettger*, several panels of this court have issued opinions dealing with the unconstitutional portion of the criminal threat statute in calculating a criminal history score. E.g., *State v. Stevenson*, 59 Kan. App. 2d 49, 59-64, 478 P.3d 781 (2020); *State v. Dreiling*, No. 121,279, 2021 WL 520059, at *2-4

4

(Kan. App. 2021) (unpublished opinion); *State v. Spanta*, No. 120,095, 2020 WL 4555808, at \*1 (Kan. App. 2020) (unpublished opinion). Even assuming Luong is correct and the sentencing issue is ripe for repetition—it is not a matter of public importance because it does not involve a statewide interest that public policy dictates we must address. Importantly, no decision here would change any existing law or otherwise work to prevent such a repetition—the law post-*Boettger* is clear.

Luong's appeal is moot—any judgment this court could enter would be ineffectual for any purpose and would not impact the parties' rights. Luong has served his sentence and he makes no claim that his appeal has any impact on his current or future rights. Moreover, the specific sentencing issue he raises is not a matter of public importance. Accordingly, this court declines to apply any exception to the mootness doctrine and dismisses his appeal.

Appeal dismissed.