NOT DESIGNATED FOR PUBLICATION

No. 125,830

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH NEWMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed January 19, 2024. Appeal dismissed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and COBLE, JJ.

PER CURIAM: Joseph Newman agreed to plead no contest to two counts of theft, which would result in a presumptive probation sentence based on his criminal history score. As a condition of probation, the district court ordered him to serve 60 days in the county jail but explained that the jail term could be reduced if Newman disclosed the location of the stolen property that had not been recovered. On appeal, Newman argues the 60-day jail sanction must be vacated because the district court improperly punished him for invoking his Fifth Amendment rights at sentencing. Yet because Newman has served his entire sentence, we must dismiss his appeal as moot.

1

The State charged Newman with two counts of theft and two counts of criminal threat. The charges stemmed from Newman's arrest for stealing a truck, which had about $2,500 worth of limestone in the bed, in June 2022. Although officers recovered the truck when they arrested Newman, they could not locate the limestone.

Newman entered a plea agreement in which he would plead no contest to the two counts of theft and pay restitution in an amount to be determined before sentencing. In exchange, the State agreed to recommend the mid number in the appropriate grid box for the charges and that the statutory presumption of probation be imposed. The district court accepted Newman's plea and found him guilty after confirming that he fully understood the terms of the agreement.

At sentencing, the parties agreed that Newman's criminal history score was C, which made this a presumptive probation case. The State recommended the district court follow the terms of the plea agreement by imposing the mid number in the appropriate grid box for each offense. The State also recommended the counts be run concurrent with each other and requested restitution of $4,200 payable to Linda Smith. The State estimated Newman had been in jail "around 90 days or so." Newman's defense counsel agreed that the district court should follow the plea agreement and proffered that the charges resulted from "frankly, a breakdown in [Newman's] mental health" and that stabilizing Newman's mental health would be "priority No. 1" on probation.

After a rather contentious exchange, the details of which are set out below, the district court ultimately sentenced Newman to the high number on both counts and ran the counts consecutive for a controlling prison sentence of 20 months. But because it was a presumptive probation case, the court suspended Newman's sentence for a probation term of 12 months.

The heart of the substantive claim here involves the concerns expressed by Smith in both her victim impact statement and in her testimony at sentencing. Smith objected to Newman being granted probation until he revealed to whom he sold the limestone—although there was no evidence that he sold the limestone to anyone. She asserted that the limestone was vintage and could not be replaced.

Counsel for Newman advised the court that Newman "would decline to make any further factual admissions today." Counsel further explained "I'm aware Ms. Smith is seeking some additional admissions from my client, but we've made the admissions that are required to make under the plea agreement, and my client would decline to make any further admissions to these acts in this case." Defense counsel continued to implore the court to follow the plea agreement and impose probation since the State had no objection. Defense counsel reiterated that "[m]y client is making no further admissions of fact today, and in addition, Your Honor, we would just simply request that you follow the plea agreement. We are agreeing to the number provided for restitution."

The district court explained it understood Smith's position and turned to defense counsel, who reiterated that Newman was "declining to answer further questions, as he has a right to remain silent under the United States Constitution and the Kansas Bill of Rights, Your Honor." The judge added that "Mr. Newman certainly can't be compelled to answer that question. But I do think that it is extremely distasteful for him to choose to do so." Smith stated that she agreed. The court explained to Newman that "if you change your mind about that, you are free to contact law enforcement and provide whatever information you can that might help them be able to recover that property, which isn't the kind of thing that can just be replaced with money." When Smith tried to interject again, the court cut her off and ordered as follows:

"Mr. Newman, I am going to impose a jail sanction as a condition of probation today. I will order, in addition to the other conditions of probation ordered, that you

3

spend 60 days in the Sedgwick County Jail without credit for time served. And if you want to continue to stand on your constitutional rights to remain silent, you are free to do so. We don't break people on the rack anymore. But if you are able to provide information to law enforcement that is helpful to them in recovering the property, I will consider whether you need to serve the entirety of that 60-day jail sanction."

The judge advised Smith that if Newman "decides that he wants to get out of jail on probation before he serves his 60-day jail sanction, he has the option that I just gave him."

Defense counsel explained that Newman "has no information to provide. He has no memory of where the limestone is." The court remarked that "a minute ago, he had a constitutional right not to talk. Now, he has no memory." Defense counsel countered that Newman "has no memory . . . as this was a massive mental health break he was going through at the time, he genuinely doesn't know where it is." The court noted the response, then asked if there was anything else to put on the record. After clarifying that there was no fine imposed and that a payment plan for restitution would be left to the probation officer, the court concluded the hearing. Following the hearing, the court filed a sentencing journal entry, which reflected the 60-day probation sanction would "begin immediately," and that it "could be suspended if defendant discloses the location of the limestone."

Two days later, Newman filed a written objection and request for reconsideration of the 60-day jail sanction. Newman argued the sanction was imposed in violation of his statutory right to allocution and his constitutional right to remain silent provided under the Fifth Amendment to the United States Constitution and section 10 of the Kansas Constitution Bill of Rights. He also contended the probation condition was impermissibly vague because the court did not specify which law enforcement agency he should report any information to, nor what information the court would find acceptable. The district court declined to reconsider the 60-day jail sanction in an order filed four days after the

4

motion was filed, noting that oral argument would not materially assist in determining the merits.

Newman timely appealed.

ANALYSIS

Newman argues the district court improperly punished him for invoking his right to remain silent at sentencing in violation of the Fifth Amendment to the United States Constitution and section 10 of the Kansas Constitution Bill of Rights. But before addressing the merits of his argument, this court must first consider the State's claim that the appeal is moot because Newman has served the entire incarceration portion of his sentence.

In support of its argument, the State filed a notice of change in custodial status filed under Supreme Court Rule 2.042 (2023 Kan. S. Ct. R. at 18) on July 13, 2023, which included the following:

- A journal entry of probation revocation showing that the district court revoked Newman's probation on February 16, 2023, and ordered him to serve a modified prison sentence of 12 months. The journal entry also reflects that the court awarded jail credit for the time Newman spent in jail serving the 60-day jail sanction; and
- A letter from the Kansas Department of Corrections stating that Newman completed his modified prison sentence on June 17, 2023, and that his post-release supervision would run until at least December 17, 2023.

In a reply brief, Newman challenges the State's mootness claim by first arguing that a previous ruling by this court's motion's panel in June 2023 denying the State's

5

motion to dismiss is now the law of the case. See *State v. Collier*, 263 Kan. 629, 631-32, 952 P.2d 1326 (1998) (describing law-of-the-case doctrine as "'a discretionary policy which expresses the practice of the courts generally to refuse to reopen a matter already decided, without limiting their power to do so'"). But contrary to Newman's point, our court has held that a ruling of the motions panel is not a judgment on the merits of an issue but is instead a redirection of the issue to the panel assigned to hear the appeal. *State v. Cotton*, No. 109,934, 2014 WL 4916447, at *1 (Kan. App. 2014) (unpublished opinion) (addressing mootness claim on appeal after motions panel denied identical claim "'on present showing'"); see also *Rock Chalk Hills, LLC v. Sweeney*, No. 111,107, 2014 WL 5801185, at *2 (Kan. App. 2014) (unpublished opinion) (reviewing jurisdiction and mootness issues after motions panel entered order retaining appeal).

Moreover, Newman ignores that the motions panel made its decision solely based on the information available to it at the time—which was that Newman had merely served the sanction and was still on probation. Yet the documents included with the State's most recent notice of change in custodial status reflect that Newman's probation had actually been revoked when the State first moved for a dismissal. And now his custodial status has changed again since Newman is on postrelease supervision. These additional factual developments bear consideration in determining whether the appeal is moot. Put simply, we find the issue of mootness is properly before this court.

Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020). The mootness doctrine is a discretionary policy, under which the court is to determine real controversies about the legal rights of persons and properties that are involved in the case properly before it and to adjudicate those rights in a way that is operative, final, and conclusive. 311 Kan. at 590. An issue on appeal will only be dismissed as moot if it can be shown clearly and convincingly that the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and the judgment would not

6

impact any of the parties' rights. 311 Kan. at 584. A bright-line test, such as a rule that a sentencing appeal is moot if the sentence is completed, is contrary to Kansas law. 311 Kan. at 592. In a case like this, the State bears the initial burden of establishing the case is moot by showing that Newman has fully completed the terms of his sentence. 311 Kan. at 593.

Newman seems to concede that the issue is moot because he does not controvert that he has completed the incarceration portion of his sentence, instead focusing on arguing exceptions to the mootness doctrine in his reply brief. This court can accept the filings included with the State's notice as reliable evidence confirming his custodial status. See *State v. Yazell*, No. 116,761, 2021 WL 402078, at *3 (Kan. App.) (unpublished opinion) (relying on signed sworn certification from KDOC records custodian to support prima facie showing of the defendant's custodial status), *rev. denied* 314 Kan. 859 (2021). Moreover, the documentation provided by the State shows the district court modified his sentence substantially when it revoked his probation— reducing the total prison term from 20 months to 12 months—and awarded jail credit for time served, including the time served for the 60-day jail sanction. These added facts underscore the State's point that the appeal is moot because any judgment in Newman's favor would be of no use to him.

A common exception to mootness is a finding that an issue "'is capable of repetition *and* raises concerns of public importance.'" (Emphasis added.) *State v. Kinder*, 307 Kan. 237, 244, 408 P.3d 114 (2018) (quoting *State v. Hilton*, 295 Kan. 845, 850, 286 P.3d 871 [2012]). Newman, who bears the burden of proof, argues that this exception should apply. See *Roat*, 311 Kan. at 593 (once mootness established, the burden shifts to nonmoving party to establish an exception).

Kansas courts have addressed whether an issue is capable of repetition by considering whether it is highly unlikely that anyone in the appellant's circumstance

could have obtained relief on appeal before the issue became moot. See *Hilton*, 295 Kan. at 851. On this point, Newman points out that the documentation provided by the State shows he completed serving the 60-day jail term before the record on appeal was complete and before appellate counsel even filed a brief. These assertions—while correct and supported by the record—are case-specific. Even so, Newman's broader point is convincing because there is a real possibility that the issue presented here would evade review given the time can lapse between a defendant's placement on probation and the resolution of an appeal.

Next, Newman asserts this is an issue of public importance because it concerns a fundamental right: the right to remain silent protected by the Fifth Amendment to the United States Constitution and section 10 of the Kansas Constitution Bill of Rights. But public importance means more than that certain members of the general public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct. *Hilton*, 295 Kan. at 851. Kansas courts will determine a moot question of public importance if the value of its determination as precedent is enough to overcome the rule against considering moot questions. *State ex rel. Stephan v. Johnson*, 248 Kan. 286, 290, 807 P.2d 664 (1991).

This court has declined to apply this mootness exception where the atypical facts of the case suggest no public importance would be served by considering the merits. See *State v. Burd*, No. 114,398, 2016 WL 3856306, at *3 (Kan. App. 2016) (unpublished opinion); *State v. Nicolaides*, No. 114,239, 2016 WL 3856612, at *3 (Kan. App. 2016) (unpublished opinion). *Burd* and *Nicolaides* involved identical challenges by the defendants claiming the district court erred by imposing their underlying sentence after revoking probation instead of an intermediate sanction. In both cases, this court found the issue moot and declined to apply an exception because the facts of the cases were not factually typical, and any precedential value of a decision on the merits would be minimal.

On the other hand, this court applied the exception Newman seeks to invoke in a case involving a 60-day jail sanction ordered as a probation condition. See *State v. Allen*, 55 Kan. App. 2d 87, 91, 407 P.3d 661 (2017). *Allen* is distinguishable, however, because the issue raised in that case concerned whether the district court lacked the authority to impose consecutive jail sanctions across two cases because of a statute requiring that the sanctions be served concurrently. Here, Newman does not challenge the district court's statutory authority to order a 60-day jail sanction, but the constitutionality of the district court's action. As in *Burd* and *Nicolaides*, Newman does not articulate why his appeal is factually typical to present an issue of public importance or describe how a determination on the merits would create valuable precedent. As a result, we find the mootness exception for issues raising concerns of public importance inapplicable here.

In sum, we find Newman's appeal is moot because he has served the entire incarceration portion of his sentence and he establishes no mootness exception.

Appeal dismissed.