NOT DESIGNATED FOR PUBLICATION

No. 129,203

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

J.M.D.,
*Appellee,*

v.

L.G.H.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Linn District Court; ANDREA PURVIS, judge. Submitted without oral argument. Opinion filed April 10, 2026. Appeal dismissed.

*Ronald P. Wood*, of The Law Offices of Ronald P. Wood, LLC, of Overland Park, for appellant.

*J. Lindsey Ikram*, of Wood Ikram Law Firm, of Kansas City, Missouri, for appellee.

Before WARNER, C.J., ARNOLD-BURGER, J., and LAURA JOHNSON-MCNISH, D.J., assigned.

PER CURIAM: This appeal involves a protection from stalking order issued against L.G.H. The protection order limited L.G.H.'s actions for one year—from November 2024 through November 2025. At this point, the protection order has expired, and L.G.H. has not demonstrated that any controversy or circumstance continues to exist for us to address. We thus dismiss the case as moot.

As a brief background, the petition giving rise to the case alleged that L.G.H. had engaged in a series of questionable interactions involving the petitioner over the course of

1

several years. A district magistrate judge issued the protection order in November 2024 after an evidentiary hearing where both parties were represented by counsel. L.G.H. appealed the protection order to the district court, and the district court affirmed the order in April 2025. L.G.H. then appealed the case to this court, claiming the evidence was insufficient to show that there were multiple incidents to indicate a course of conduct giving rise to harassment. See K.S.A. 60-31a02(b).

The protection order at issue here lasted one year and expired on November 4, 2025. Because the protection order expired while this appeal was pending, we ordered L.G.H. to demonstrate why the case should not be dismissed as moot.

Kansas courts do not have the constitutional authority to issue advisory opinions. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 898, 179 P.3d 366 (2008). Instead, courts are called on to decide concrete questions that will have an actual impact on the parties before us—to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" *State v. Roat*, 311 Kan. 581, 590, 466 P.3d 439 (2020) (quoting *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 [2012]).

As a corollary to this principle, even if a court case begins with an active dispute, courts will generally not continue to hear the case if the issues presented become "moot." *Roat*, 311 Kan. at 584. When a court finds that the controversy in the case has likely ended, rendering any judgment ineffectual, the party bringing the claim must "show the existence of a substantial interest that would be impaired by dismissal" or convince this court that "an exception to the mootness doctrine applies." 311 Kan. 581, Syl. ¶ 7. But see *State v. Phipps*, 320 Kan. 616, Syl. ¶ 2, 570 P.3d 1240 (2025) (stating mootness is a jurisdictional bar to further consideration and doing away with exceptions to that doctrine altogether), *reh. granted* October 17, 2025.

L.G.H. argues that his appeal is not moot because the protection order may cause him to suffer additional consequences in the future. He broadly asserts that he does not want people in the community to think of him as a stalker; he notes that he is a carpenter and believes that the protection order "hurts his employment possibilities in the area."

As support, L.G.H. points to *D.G. v. M.G.*, No. 123,342, 2021 WL 5990152 (Kan. App. 2021) (unpublished opinion), where a panel of our court found an exception that allowed it to consider an expired protection order. Contrary to L.G.H.'s arguments here, the panel in *D.G.* seemed dubious of whether the allegation of reputational harm was enough to warrant consideration of an otherwise moot appeal, noting that at least two panels of this court have found such allegations insufficient to warrant continued review. See 2021 WL 5990152, at *2. Ultimately, the *D.G.* panel found the case was not moot because the appellant had alleged "a separate concrete, nonspeculative harm"—the appellant was in the military, and the protection order adversely affected his security clearance. 2021 WL 5990152, at *3.

A party invoking an exception to mootness must point to specific adverse collateral consequences of an expired order or sentence. See *State v. Montgomery*, 295 Kan. 837, 841-42, 286 P.3d 866 (2012). L.G.H. does not provide any specific information beyond a broad assertion that being associated with the label "stalker" has impacted his reputation and ability to work. This is insufficient to warrant our continued review of the expired protection order. We therefore dismiss the appeal as moot.

Appeal dismissed.