NOT DESIGNATED FOR PUBLICATION

No. 119,049

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRENDA JO JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Opinion filed May 3, 2019. Appeal dismissed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., GARDNER, J., and WALKER, S.J.

PER CURIAM:  Brenda Jo Johnson pled guilty to one count of attempted possession of methamphetamine. The district court sentenced Johnson to an underlying prison sentence of 14 months but granted her probation for a period 12 months. The district court ultimately revoked her probation and ordered her to serve her underlying prison sentence. Johnson appeals, arguing the district court erred in bypassing the intermediate sanctions required before probation can be revoked. But Johnson is no longer serving the term of prison imposed as a result of her probation revocation; thus, the propriety of the district court's decision to revoke her probation has been rendered moot.

1

On August 9, 2016, Johnson was charged with possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia. The parties ultimately entered into a plea agreement, under which Johnson would plead guilty to one count of attempted possession of methamphetamine and the remaining charges would be dismissed. Based on her criminal history score and the severity level of the crime, the presumptive sentence under the sentencing guidelines was probation. But Johnson committed the offense while she was on felony probation. Because of this, a special rule gave the sentencing court discretion to impose a prison sentence instead of presumptive probation without it being deemed a departure. See K.S.A. 2018 Supp. 21-6604(f)(1). The district court imposed an underlying prison sentence of 14 months but granted Johnson probation for a period 12 months.

Johnson violated several conditions of her probation within a few months of sentencing. Specifically, Johnson:

1. Tested positive for or admitted to methamphetamine use on two occasions;
2. Failed to submit to a urine analysis test on a third occasion; and
3. Failed to attend drug and alcohol treatment as directed.

The State filed a motion to revoke probation. A revocation hearing was held on the morning of December 19, 2017, but Johnson did not appear until that afternoon based on what Johnson described as a mistake in calendaring. When she did appear, the district court continued the hearing. On December 26, 2017, Johnson waived her right to an evidentiary hearing and stipulated to the probation violations. Johnson requested the district court impose an intermediate sanction. The State requested that Johnson be ordered to serve her underlying prison sentence. In support of its request, the State pointed to Johnson's long history of drug offenses, her failure to complete substance

abuse treatment, and her criminal history. The State also observed that the district court had declined to apply the discretionary special rule in deciding to grant Johnson a term of probation.

After finding Johnson violated the terms of her probation, the district court revoked probation, bypassed intermediate sanctions, and imposed the underlying sentence of 14 months in prison. In doing so, the district court found that Johnson was not amenable to probation, stating:

> "THE COURT: Ms. Johnson, I don't find you amenable to probation, given the long-term nature of your drug problems. And while I do believe that the past doesn't necessarily control today and tomorrow, the truth is you did use and you did walk away from treatment.
> "I am going to find that the resources really are not substantial enough to—to reform you, that perhaps you are not in the right position at this time to take advantage of drug treatment. You are not amenable to probation. Probation will be revoked, and you will be remanded to [Kansas Department of Corrections]."

Johnson filed a motion to reconsider, alleging that the district court failed to state with specificity the reason why it was skipping over the intermediate sanction. At a later hearing on this motion, the State reiterated Johnson's long history of drug problems. The State also requested the district court consider her previous terms of probation and "the dangers of [methamphetamine] and how [it] harms somebody's health and well-being." The district court adopted these reasons and denied the motion to reconsider. More specifically, the district court explained:

> "Ms. Johnson has been in front of me many times. Ms. Johnson has a long-standing drug history. . . . But when she continues to use when she's placed on . . . probation, and she walks out of drug treatment, I don't find Ms. Johnson amenable to treatment. . . . I don't think Ms. Johnson, from her behavior since, has shown that she really is amenable to treatment."

The district court also highlighted that it had declined to impose the special rule to impose prison at sentencing because Johnson really wanted substance abuse treatment. Her failure to follow through, the district court reasoned, showed that she could not be successful on probation.

Johnson timely appealed. While her appeal was pending, Johnson began serving her prison sentence. She completed the prison portion of that sentence on August 24, 2018, and currently is on postrelease supervision. Following her release, the State filed a motion to dismiss the appeal as moot but it was denied.

ANALYSIS

On appeal, Johnson argues the district court failed to make the specific findings that were required to bypass intermediate sanctions and go directly to revocation of probation. Based on this failure, Johnson asks us to reverse the revocation of her probation and remand with direction for the district court to impose an intermediate sanction.

Before addressing the merits of her argument, we first must address the State's claim that Johnson's release from prison and placement on postrelease supervision renders her appeal moot. As a general rule, Kansas courts do not render advisory opinions or decide moot questions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). Rather, "the role of a court is to '"determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive."'" 295 Kan. at 840. To be a real, justiciable controversy, a case must involve definite and concrete issues and "adverse legal interests that are immediate, real, and amenable to conclusive relief." *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 890-91, 179 P.3d 366 (2008). If it is clearly and convincingly

4

shown that (1) the actual controversy has ended; (2) the entry of judgment would be ineffectual for any purpose; and (3) a judgment would have no impact on any of the rights of the parties, then the case must be dismissed as moot. *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009).

As noted above, Johnson asks us to reverse the decision to revoke her probation and remand for the district court to impose an intermediate sanction and reinstate her probation. But this is a request we do not have the ability to grant. Johnson already has served the prison term to which she was sentenced. Probation operates as a substitute for a term of imprisonment and therefore cannot be imposed if the underlying prison sentence has been completed. *State v. Kinder*, 307 Kan. 237, 243-44, 408 P.3d 114 (2018). So a defendant who has completed the incarceration portion of a sentence cannot be placed on probation. In addition, an intermediate sanction such as the one Johnson requests cannot be longer than the time remaining on the defendant's prison sentence. See K.S.A. 2018 Supp. 22-3716(c)(7). Because Johnson has served her full term of imprisonment, she cannot be subject to the short-term intermediate sanction or to reinstated probation as she requests.

Johnson did not address the mootness issue in her brief nor did she file a reply brief to respond to the State's arguments. She did, however, file a response to the State's motion to dismiss, in which she argued that this appeal is not moot because she is still on postrelease supervision and resolving the appeal in her favor could result in its removal. While Johnson is correct that she would not be on postrelease supervision if her probation was not revoked, that alone is not enough to turn this case into a real, justiciable controversy. This is particularly true where, as here, the issue concerns the propriety of the probation revocation and the relief requested is an intermediate sanction and the reinstatement of probation, which is a request we cannot grant.

5

Alternatively, Johnson argues that the repetition and public importance exception to the mootness doctrine applies. But these exceptions to the mootness doctrine do not apply. In this context, public importance is defined as "something more than that the individual members of the public are interested in the decision of the appeal from motives of curiosity or because it may bear upon their individual rights or serve as a guide for their future conduct as individuals." *State v. Hilton*, 295 Kan. 845, Syl. ¶ 5, 286 P.3d 871 (2012). Nothing in the record suggests that this case, a routine probation revocation, is likely to interest the public for any reason beyond simple curiosity. It is similarly unlikely to guide their behavior in the future.

For the reasons stated above, we find there is no longer a real, justiciable case or controversy for this panel to resolve. See *Montgomery*, 295 Kan. at 844 (If an offender who is challenging the revocation of his or her probation completes the underlying sentence before the appeal is heard, then the "appeal presents a request for an advisory opinion on a moot issue.").

Appeal dismissed as moot.