NOT DESIGNATED FOR PUBLICATION

No. 120,307

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN THOMAS PAXTON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Jefferson District Court; GARY L. NAFZIGER, judge. Opinion filed December 13, 2019. Appeal dismissed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Ryan A. Kriegshauser*, assistant county attorney, *Joshua A. Ney*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., LEBEN and SCHROEDER, JJ.


PER CURIAM: John Thomas Paxton was convicted of possession of a controlled substance in May 2018. The district court determined that his criminal history score was B based, in part, on the aggregation of three person misdemeanors that he received in California into a person felony. Paxton appeals his sentence, arguing that the district court incorrectly calculated his criminal history score because some of his prior misdemeanor convictions are not comparable to Kansas crimes. But Paxton has now served his entire sentence—having successfully completed probation. So we conclude that his appeal is moot and should therefore be dismissed.

1

FACTUAL AND PROCEDURAL HISTORY

Paxton was convicted of possession of a controlled substance in May 2018. He had a criminal history score of B based, in part, on the aggregation of three person misdemeanors—battery, infliction of corporal injury on spouse or cohabitant, and battery of a spouse or ex-spouse—Paxton received in California. Before sentencing, his attorney objected to his criminal history score—including the classification of all his California convictions. The day before sentencing, his attorney withdrew Paxton's objections. The court sentenced Paxton to 34 months in prison. But the court granted his motion for a dispositional departure from presumptive prison to probation and released Paxton on probation for a term of 12 months. Paxton filed a timely notice of appeal arguing that the court improperly calculated criminal history score, making his sentence illegal. His appeal reached this court more than 12 months later after he successfully completed his probation term.

ANALYSIS

We need not get to the merits of Paxton's appeal because we find, for these reasons, his claim that the sentence imposed was illegal is moot.

Generally, appellate courts in Kansas do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, Syl. ¶ 2, 286 P.3d 866 (2012). The court-made mootness doctrine has been described as a determination whether """it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.""" *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014); *Montgomery*, 295 Kan. at 840-41. Because the mootness doctrine is court made, it is also subject to court recognized exceptions. A court should consider a case that would otherwise be moot if it "(1) is of statewide interest and of the nature that public policy

2

demands a decision, such as those issues that would exonerate the defendant; (2) remains a real controversy; or (3) is capable of repetition." *State v. Hollister*, 300 Kan. 458, 458-59, 329 P.3d 1220 (2014). Appellate review of mootness is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012).

There can be no dispute that this case is moot. The State has no authority to punish or supervise Paxton any further in this case. So Paxton asserts that two exceptions to the mootness doctrine apply to avoid dismissal.

First, he claims his illegal sentence remains a controversy—even if he has served his time—because if he violates the law and is sentenced in the future those courts will look to this case to see how his misdemeanors were aggregated and do the same. But a defendant maintains the right in any case to challenge the criminal history worksheet in that case or any previous criminal history relied on at sentencing. The State then has the burden to prove any challenged convictions used in determining criminal history score. See *State v. Schow*, 287 Kan. 529, 539-40, 197 P.3d 825 (2008). So this argument is speculative at best and assumes Paxton's future criminal conduct. There is no direct, definite, or immediate consequence to Paxton or any other potential defendants as a result of the declaration of the case as moot. The nonstatutory consequences arising from a dismissal, which consequences will turn on a judge's actions in a future criminal proceeding rather than upon the mere fact of the prior sentence, are insufficient to perpetuate a controversy for purposes of the mootness doctrine. See *Hilton*, 295 Kan. 845, Syl. ¶ 4 (expressing same rule as it relates to probation revocation challenges, once the sentence has been served). As a result, this exception does not apply.

Second, Paxton argues that this issue is likely to be subject to repetition. Litigants need to know how these California crimes will be classified in Kansas in the future and because probation or jail terms may be short, they will likely evade review due to the passage of time on appeal. This could mean the difference between presumptive

probation and presumptive prison and could lead to the unnecessary incarceration of defendants while their appeals are pending. Again, we find this speculative. The issue here is fact specific and the chance of repetition in a case involving these particular misdemeanor California crimes being aggregated in a case to result in a person felony is remote at best. Moreover, a Kansas appellate court has already addressed the question regarding one of the California statutes challenged here—battery of a spouse in violation of California Penal Code § 243 (West 2000)—albeit in an unpublished opinion. In *State v. Williams*, No. 114,778, 2019 WL 406296, at *2-3 (Kan. App. 2019) (unpublished opinion), *rev. denied* 310 Kan. ___ (September 9, 2019), a panel of this court found that because the California battery statute is identical or narrower than the Kansas battery statute, a conviction under the California battery statute counts as a person crime in Kansas. Thus, because of the fact-specific nature of the issue here, we do not view this an issue that is easily capable of repetition.

Finally, this court has held in several unpublished cases that an appeal of an allegedly illegal sentence is moot once the appellant has finished serving his or her sentence. See, e.g., *State v. Brown*, No. 112,825, 2015 WL 9286987, at *4 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* January 14, 2016; *State v. Lawrence*, No. 113,470, 2015 WL 7434300, at *2 (Kan. App. 2015) (unpublished opinion); *State v. Tipps*, No. 113,002, 2015 WL 7434683, at *2 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. 1257 (2016). We pause to note that dismissal for mootness in this factual situation, as well as others, is currently under consideration by the Kansas Supreme Court with arguments having been heard in both March and September 2019. See *State v. Mayes*, No. 115,006, 2017 WL 543465 (Kan. App. 2017) (unpublished opinion), *rev. granted* 307 Kan. 991 (2017); *State v. Roat*, No. 113,531, *rev. granted* December 22, 2017; *State v. Ward*, No. 116,545, *rev. granted* April 27, 2018; *State v. Yazell*, No. 116,761, *rev. granted* November 27, 2018.

When a court corrects an illegal sentence, the defendant receives full credit for the time spent in custody. K.S.A. 2018 Supp. 22-3504(1). Because it has been clearly and convincingly shown that the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and the two exceptions to the mootness doctrine propounded by Paxton do not apply here, the appeal is dismissed as moot.

Appeal dismissed.