NOT DESIGNATED FOR PUBLICATION

No. 121,216

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CELESTE M. CULVER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed January 24, 2020. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

POWELL, J.:  Celeste M. Culver appeals the district court's imposition of a 120-day prison sanction for violating the terms of her probation. We granted Culver's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State filed a response not objecting to summary disposition, but it asks us to dismiss the appeal as moot. After a careful review of the record, we agree that the appeal is moot.

Pursuant to a plea agreement with the State, Culver pled guilty to a single count of theft after a prior conviction, a severity level 9 nonperson felony. At her sentencing on June 21, 2018, the district court imposed a prison sentence of 9 months but granted her probation from that sentence for a period of 12 months.

On August 2, 2018, the State alleged that Culver had violated the terms of her probation by testing positive for illegal substances, failing to report, and for failing to obtain drug, alcohol, and mental health evaluations. At a probation violation hearing on September 7, 2018, Culver admitted to the violations, and the district court imposed a three-day jail sanction. Not long after, on October 17, 2018, the State again alleged that Culver had violated the terms of her probation by testing positive for illegal substances and failing to report. At the probation violation hearing on November 30, 2018, Culver again admitted to the violations and asked that another "quick dip" jail sanction be imposed. The district court extended her probation for 12 months and imposed a 120-day prison sanction.

Finally, on February 19, 2019, the State sought to revoke Culver's probation on the grounds she had failed to report and that her whereabouts were unknown. At the probation violation hearing on April 17, 2019, Culver admitted to the violations but asked that her probation not be revoked given her age and health condition. The district court rejected her arguments by noting her multiple violations and imposed her underlying prison sentence.

Culver now appeals. However, for some reason she only challenges the district court's prior imposition of the 120-day prison sanction as an abuse of discretion. This is curious because the notice of appeal was filed two days after Culver's probation was revoked. The State also appears to misconstrue the record as it argues the appeal is moot because over 120 days have elapsed since the district court imposed the intermediate sanction on April 17, 2019. Our review of the record shows that Culver's 120-day intermediate prison sanction was imposed on November 30, 2018, and her probation was revoked on April 17, 2019. Despite the State's confusion, we nevertheless agree that Culver's challenge to her 120-day prison sanction is moot because she has already served that sanction. See *State v. Montgomery*, 295 Kan. 837, 844, 286 P.3d 866 (2012); *Manly v. City of Shawnee*, 287 Kan. 63, Syl. ¶ 4, 194 P.3d 1 (2008) ("An issue is moot where

2

any judgment of the court would not affect the outcome of the parties' controversy."). Accordingly, we must dismiss Culver's appeal.

Alternatively, even if we considered Culver's appeal as one challenging the district court's revocation of her probation, she still is not entitled to relief. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Culver bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court's discretion on whether to revoke probation is limited by intermediate sanctions as outlined in K.S.A. 2018 Supp. 22-3716. Before revoking an offender's probation, a district court is required to impose graduated intermediate sanctions. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). At the time Culver's probation was revoked, intermediate sanctions included a 2-day or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. See K.S.A. 2018 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may revoke probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2018 Supp. 22-3716(c)(1)(E).

It is undisputed that the district court had the authority to revoke Culver's probation given the district court's prior imposition of the required intermediate sanctions. Culver merely argues the district court abused its discretion by doing so

3

because lesser sanctions were available. However, as the district court stated, given the number of times Culver had violated her probation, we have no trouble concluding that a reasonable person could agree with the district court's decision to revoke Culver's probation and impose her underlying sentence.

Appeal dismissed.